# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RIVER STONE HOLDINGS NW, LLC, a Washington Limited Liability Company, | No. 48432-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ALICE M. LOPEZ, an individual, and all others occupying 14030 SE 35th Loop, Vancouver, WA 98683, | |
| Appellant. | |

MAXA, A.C.J. – Alice Lopez appeals the superior court's order directing issuance of a writ of restitution, granting River Stone Holdings NW, LLC possession of Lopez's foreclosed home after she defaulted on her home loan. River Stone purchased the property at a trustee's foreclosure sale, held pursuant to the Deeds of Trust Act (DTA), chapter 61.24 RCW. When Lopez did not timely vacate the property, River Stone filed an action for unlawful detainer.

Lopez argues that the superior court erred in entering the writ of restitution order and that she was entitled to a jury trial on River Stone's claim because (1) genuine issues of material fact existed regarding whether River Stone had proper title to the property based on deficiencies in the foreclosure process, (2) a Supreme Court decision regarding the right to enforce a deed of trust conflicted with an applicable statute, and (3) federal law prohibited the holder of Lopez's loan from selling the property to River Stone. We hold that under the facts of this case, Lopez's

claims are not proper defenses to an unlawful detainer action and therefore the superior court could not consider them. Accordingly, we affirm the superior court's order directing issuance of a writ of restitution in River Stone's favor.

FACTS

In 2004, Lopez purchased residential property in Vancouver. She financed her purchase with a loan from Washington Mutual Bank, secured by a deed of trust. Washington Mutual's promissory note later was assigned to Deutsche Bank National Trust Company as trustee for WaMu Mortgage Pass-Through Certificate Series 2005-AR6 (the Trust). Lopez claims that this assignment was made by the Federal Deposit Insurance Corporation (FDIC), presumably as Washington Mutual's successor.

Lopez subsequently defaulted on her loan obligation and Deutsche Bank began foreclosure proceedings under the DTA. Northwest Trustee Services, the successor trustee for the deed of trust, held a trustee's sale on November 13, 2015, at which River Stone purchased the property. The property's deed was conveyed to River Stone on November 19. The deed stated that the sale complied with all requirements of the DTA. Lopez represented to the superior court that she filed a separate lawsuit to restrain the foreclosure sale, but the superior court in that lawsuit denied her motion for an injunction.[1]

On November 17, River Stone sent Lopez a notice to vacate the property by December 3, 20 days after the trustee's sale. On December 8, River Stone filed in superior court an eviction

---

[1] The record in this case contains a notice of lis pendens against the property that Lopez filed in the other lawsuit, where she was the plaintiff and several parties were listed as defendants. River Stone acknowledges that Lopez filed a separate lawsuit in an attempt to regain title.

summons, a complaint for unlawful detainer, and a motion for an order to show cause why the superior court should not order issuance of a writ of restitution granting River Stone possession of the property. In her answer, Lopez denied without elaboration that River Stone was the property's owner and alleged that the foreclosure sale was unlawful.

Lopez filed a brief opposing the unlawful detainer. She argued that the deed of trust had not been properly assigned to the Trust before initiation of the foreclosure proceedings, that the foreclosure proceedings violated the DTA, and that assignment to the Trust violated federal tax law because the assignment occurred after the Trust had closed. Lopez submitted no affidavits or documents supporting her allegations.

The superior court held a show cause hearing on January 5, 2016. Lopez argued that there was a dispute over the property's ownership. But she presented no evidence to challenge that River Stone had purchased the property at the trustee's sale. The superior court ruled that Lopez had not presented a viable defense to the unlawful detainer, and entered an order directing issuance of the writ of restitution. The court clerk issued the writ and the sheriff enforced it.

Lopez appeals the superior court's writ of restitution order.

ANALYSIS

A.    LEGAL BACKGROUND

1.    Unlawful Detainer Actions

An unlawful detainer lawsuit filed under chapter 59.12 RCW provides an expedited means of resolving competing claims to possession of property. *Kitsap County Consol. Hous. Auth. v. Henry-Levingston*, 196 Wn. App. 688, 698, 385 P.3d 188 (2016). The unlawful detainer

statute was created as a summary proceeding and as an alternative to the common law ejectment action. *Id.*

RCW 59.12.130 provides that "[w]henever an issue of fact is presented by the pleadings it must be tried by a jury." But because of an unlawful detainer's summary nature, the proceedings are limited to resolving questions related to possession of property and related issues like restitution of the premises and rent. *Barr v. Young*, 187 Wn. App. 105, 108, 347 P.3d 947 (2015). Issues unrelated to possession are not properly part of an unlawful detainer action. *Josephinium Assocs. v. Kahli*, 111 Wn. App. 617, 624, 45 P.3d 627 (2002). As a result, defenses or counterclaims that do not involve possession generally are not allowed and must instead be pled and resolved in a separate action. *Angelo Prop. Co. v. Hafiz*, 167 Wn. App. 789, 809, 274 P.3d 1075 (2012).

2. The DTA and Unlawful Detainer

The DTA provides an alternative to judicial foreclosure by allowing for the private sale of foreclosed property. *Brown v. Dep't of Commerce*, 184 Wn.2d 509, 515, 359 P.3d 771 (2015). The underlying deed of trust creates a three-party transaction in which a lender loans money to a borrower, the borrower deeds the property to a trustee, and the trustee holds the deed as security for the lender. *Id.* If the borrower breaches the obligations owed to the lender, the trustee may foreclose on the property in a trustee's sale. *Id.* at 516.

The DTA provides detailed procedures under RCW 61.24.030, .031, and .040 for foreclosing a deed of trust and conducting a trustee's sale. A trustee's failure to strictly comply with the DTA divests the trustee of statutory authority to conduct a trustee's sale and renders any such sale invalid. *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 568, 276 P.3d

4

1277 (2012). However, under RCW 61.24.040(7), a recitation in the deed executed to a purchaser that the sale was conducted in compliance with all DTA requirements is prima facie evidence of compliance and conclusive evidence of compliance for a bona fide purchaser.

RCW 61.24.060(1) provides that after the trustee's sale takes place, the purchaser is entitled to possession of the property after 20 days as against the borrower if the purchaser provided proper notices under the DTA. That statute also allows the purchaser to utilize an unlawful detainer action under chapter 59.12 RCW to secure possession of the property. *See Albice*, 174 Wn.2d at 563-66. RCW 59.12.032 requires a purchaser who commences an unlawful detainer action to comply with the notice and substantive requirements of RCW 61.24.040 and .060.

As with other types of unlawful detainer actions, in the foreclosure context unlawful detainer defendants are limited to raising defenses or counterclaims relating to rightful possession of the property. *See Fed. Nat'l Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 381-82, 353 P.3d 644 (2015).

### 3. Remedies for DTA Violations

The DTA "includes a specific procedure for stopping a trustee's sale so that an action contesting default can take place." *Plein v. Lackey*, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003). A borrower may apply to restrain a trustee's sale under RCW 61.24.130(1) on any proper legal or equitable ground. Before a court grants a restraining order, it must require as a condition that the applicant pay the sum due on the obligation secured by the deed of trust and the applicant must provide five days' notice to the trustee of the application and the hearing time. RCW 61.24.130(1), (2).

5

A borrower's failure to pursue presale remedies under the DTA may result in a waiver of his or her right to object to the trustee's sale. RCW 61.24.040(1)(f)(IX).[2] Waiver may occur when the borrower " '(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale.' " *Frizzell v. Murray*, 179 Wn.2d 301, 306-07, 313 P.3d 1171 (2013) (quoting *Plein*, 149 Wn.2d at 227). A borrower may waive defenses to the sale even if he or she attempts to obtain a restraining order but is unable to satisfy the payment condition of RCW 61.24.130(1). *Frizzell*, 179 Wn.2d at 308.

Waiver does not apply to all potential claims. Under RCW 61.24.127(1), the failure to enjoin a foreclosure sale may not be deemed a waiver of four specific types of actions for damages. One of those claims is for the failure of the trustee to materially comply with the DTA. RCW 61.24.127(1)(c); *see Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 423, 334 P.3d 529 (2014). But these non-waived claims "may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property" and "may not operate in any way to encumber or cloud the title to the property that was subject to the foreclosure sale." RCW 61.24.127(2)(c), (e).

B.      ASSERTING DTA VIOLATIONS IN AN UNLAWFUL DETAINER ACTION

Lopez argues that she is entitled to a jury trial in River Stone's unlawful detainer action because issues of fact exist regarding whether the trustee's sale of her property was valid.

---

[2] The permissive "may" in the DTA's waiver clause means that waiver should not be strictly applied. *See Bavand v. OneWest Bank, F.S.B.*, 176 Wn. App. 475, 490-943, 309 P.3d 636 (2013) (reviewing cases). Courts apply waiver only where it is equitable under the circumstances and where it serves the goals of the DTA. *Albice*, 174 Wn.2d at 570.

Specifically, she argues that (1) the promissory note was not properly assigned to the Trust, and therefore the Trust never obtained an interest in the note and had no lawful authority to foreclose on the property; (2) the appointment of the successor trustee was legally ineffective, and therefore the trustee lacked authority to engage in a foreclosure proceedings; and (3) the foreclosure and trustee's sale did not comply with the DTA's procedural requirements.

River Stone does not address the merits of these arguments. Instead, River Stone argues that we should not consider Lopez's arguments because they do not fall within the limited range of defenses available in an unlawful detainer action. We agree with River Stone.

In certain circumstances, the failure to comply with DTA requirements may void a trustee's sale. *See Albice*, 174 Wn.2d 568 (stating that a trustee's failure to strictly comply with the DTA divests the trustee of statutory authority to conduct a trustee's sale and renders any such sale invalid); *Bavand v. OneWest Bank, FSB*, 176 Wn. App. 475, 490, 309 P.3d 636 (2013) (stating, in an action to enjoin a trustee's sale, that a sale is void if the trustee was not properly appointed). Lopez appears to argue that the alleged DTA violations here voided the trustee's sale and rendered River Stone's title invalid. She claims that she should be able to challenge River Stone's title in the unlawful detainer action under RCW 59.12.130.

We reject this argument for two reasons. First, as noted above, an unlawful detainer defendant generally cannot raise defective title as a defense to possession. In *Ndiaye*, the plaintiff purchased a property in a trustee's sale before bringing an unlawful detainer action to evict the previous owner. 188 Wn. App. at 379-80. The owner defended against the action by claiming that there was improper chain of title. *Id.* at 378. Division Three of this court held that the defendant could not raise questions of title as a defense in an unlawful detainer action. *Id.* at

7

382-84. The court stated, "Unlawful detainer actions offer a plaintiff the advantage of speedy relief, but do not provide a forum for litigating claims to title." *Id.* at 382. The court also stated, "Questions of title are usually a matter of public record. Therefore, unlawful detainer actions are not the proper forum to litigate questions of title." *Id.* at 384.

The court in *Puget Sound Investment Group v. Bridges* applied the same rule, stating that "[u]nlawful detainer actions offer a plaintiff the advantage of speedy relief, but do not provide a forum for litigating claims to title." 92 Wn. App. 523, 526, 963 P.2d 944 (1998). This rule traces back to very early cases. In *Decker v. Verloop*, a defendant in an unlawful detainer action asserted a defense that the plaintiff's title was void and that a third person held proper title. 73 Wash. 10, 12, 131 P. 190 (1913). The Supreme Court stated, "This court has frequently held that title to real property cannot be tried out in an action of this kind." *Id.*[3]

Second, the legislature adopted procedures in the DTA for addressing alleged deficiencies in the foreclosure process. Lopez had the opportunity under RCW 61.24.130(1) to restrain the trustee's sale but either did not or was unsuccessful. As a result, she waived all defenses to the sale. *Frizzell*, 179 Wn.2d at 306-08. And although Lopez has retained the right under RCW 61.24.127(1) to file certain claims for damages, those claims cannot affect River Stone's title. RCW 61.24.127(2)(c), (e). The legislature provided no indication in the DTA or in

---

[3] This rule may not apply in all circumstances. In *Kelly v. Powell*, Division One of this court stated that a defendant could challenge the plaintiff's title in an unlawful detainer action if the challenge involved the parties' respective rights to possession. 55 Wn. App. 143, 150, 776 P.2d 996 (1989). In *Kelly*, tenants/defendants who were being evicted for non-payment of rent asserted a counterclaim contesting the landlord's title, claiming that they had exercised an option to purchase the property. *Id.* at 144-45. The court stated, "If [defendants] had properly exercised their option, they would have been entitled to continued possession. Thus, the trial court had to reach the merits of the counterclaim to decide the issue of possession." *Id.* But no such similar situation exists here.

the unlawful detainer statute that, in addition to these procedures, a borrower can assert DTA violations as a defense in an unlawful detainer action.

We hold that Lopez cannot defend against River Stone's unlawful detainer action by asserting that DTA violations invalidated River Stone's title to the property.

C.     VALIDITY OF *BROWN* REGARDING AUTHORITY TO ENFORCE DEED OF TRUST

Lopez argues that she is entitled to a jury trial in the unlawful detainer action because the Supreme Court's holding in *Brown*, 184 Wn.2d 509, is invalid.  In *Brown*, the court held that the holder of a promissory note has authority to initiate foreclosure proceedings even if that entity does not own the note.  *Id.* at 540.  Lopez argues that *Brown* is inconsistent with RCW 62A.9A-203, which she claims requires that an entity both hold and own a secured note in order to enforce it.

We reject Lopez's argument that *Brown* must yield to what Lopez believes is an inconsistent statute.  The court in *Brown* expressly discussed the requirements of RCW 62A.9A-203.  *Id.* at 528-29.  Nevertheless, the court held that a holder of a deed of trust that is not the owner can enforce a deed of trust.  *Id.* at 540.  We are bound to follow *Brown*.

D.     SALE PROHIBITION UNDER FEDERAL TAX LAW

Lopez argues that she can assert as a defense in the unlawful detainer action that the Internal Revenue Code, 26 U.S.C. § 860F(a)(2)(B), prohibited the Trust from selling the property.  But this defense does not relate to possession of the property or River Stone's title to the property.  Violation of tax law might have consequences for the Trust, but Lopez does not show or even argue that it would affect her right to possession.  Therefore, Lopez cannot assert this argument in an unlawful detainer action.

No. 48432-3-II

CONCLUSION

We affirm the superior court's order directing issuance of a writ of restitution in River Stone's favor.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
WORSWICK, J.

_____
SUTTON, J.

10