# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| DEBRA FIFER and<br>CLAUDIO MOSQUERA,<br><br>Respondents,<br><br>v.<br><br>JOHN THORNTON, LAJUANA<br>LOCKLIN, and AARON JOHNSON,<br><br>Appellants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 76203-6-I<br><br>DIVISION ONE<br><br><br>UNPUBLISHED<br><br>FILED: <u>April 30, 2018</u> |

Cox, J. – John Thornton, Lajuana Locklin, and Aaron Johnson appeal the trial court's order issuing a writ of restitution, arguing that the nonjudicial foreclosure sale of property occupied was invalid. They further argue that the trial court abused its discretion in refusing to continue or stay the unlawful detainer proceeding. Because this unlawful detainer action complied with the requirements of the Deeds of Trust Act, chapter 64.12 RCW, and other applicable law, we affirm.

The material facts are undisputed. Locklin defaulted on a promissory note secured by a deed of trust on her property. The successor trustee under the deed of trust instituted nonjudicial foreclosure proceedings and issued a notice of sale on January 12, 2016. On June 24, 2016, Debra Fifer and Claudio Mosquera (collectively "Fifer") purchased the property at the nonjudicial foreclosure sale, and they recorded the successor trustee's deed on July 12, 2016.

On October 21, 2016, following the sale, Locklin and her husband Aaron Johnson (collectively "Locklin-Johnson") sued their lender, alleging wrongful foreclosure, and other claims. On November 16, 2016, Fifer commenced this unlawful detainer proceeding, seeking possession of the property purchased at the sale. Fifer named Locklin-Johnson and the tenant occupying the property, John Thornton, as defendants. Fifer attached copies of the notice of trustee's sale, the trustee's deed upon sale, and the notice to vacate previously served to Locklin-Johnson and Thornton. After a show cause hearing on December 1, 2016, the trial court issued a writ of restitution to Fifer.

Locklin-Johnson and Thornton appeal.

## WRIT OF RESTITUTION

Locklin-Johnson argue that the trial court erred in granting the writ of restitution because the nonjudicial foreclosure was improper and therefore the trustee's sale was in violation of the Deeds of Trust Act. We disagree.

RCW 61.24.060 allows the purchaser at a nonjudicial foreclosure sale "to utilize an unlawful detainer action under chapter 59.12 RCW to secure possession of the property."[1] In turn, RCW 59.12.032 requires a purchaser utilizing the unlawful detainer action to comply with the requirements of RCW 61.24.040 and 61.24.060.

---

[1] River Stone Holdings NW, LLC v. Lopez, 199 Wn. App. 87, 93, 395 P.3d 1071 (2017); see Fed. Nat. Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 381-82, 353 P.3d 644 (2015).

2

The purchaser at a trustee's sale may bring the unlawful detainer action to evict if possession is not transferred within 20 days following the sale.[2] The purchaser must provide written notice of the purchase to the previous owner, and it must give written notice to any tenants to vacate within 60 days.[3]

Only limited issues may be raised in the unlawful detainer action because the purpose is to provide a speedy resolution of the right to possession of real property.[4] Thus, unlawful detainer actions are "limited to the question of possession" and related issues and do not provide a forum for litigating claims to title or challenges to the underlying foreclosure action.[5]

This court reviews the trial court's findings of fact in an unlawful detainer action for substantial evidence.[6] Any unchallenged findings of fact are verities on appeal.[7] We review de novo interpretation of the Deeds of Trust Act.[8]

Locklin-Johnson argue that the Deeds of Trust Act was violated because the trustee failed to provide the requisite notice of default and because of an alleged bankruptcy stay. They argue that these issues have yet to be decided in

---

[2] RCW 61.24.060(1); see Ndiaye, 188 Wn. App. at 381-82.

[3] RCW 61.24.060(2).

[4] Ndiaye, 188 Wn. App. at 382-83; see Christensen v. Ellsworth, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007).

[5] Ndiaye, 188 Wn. App. at 382.

[6] Lang Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015).

[7] Id.

[8] Housing Auth. of City of Pasco & Franklin County v. Pleasant, 126 Wn. App. 382, 387, 109 P.3d 422 (2005).

the pending wrongful foreclosure action. But Locklin-Johnson's arguments are not material to this case, given the limited issues that may be raised in an unlawful detainer action.

Locklin-Johnson do not dispute that Fifer fulfilled the requirements for a successful unlawful detainer claim under the Deeds of Trust Act.[9] Specifically, Fifer purchased the property at the foreclosure sale, the trustee's deed conveyed title to Fifer, and it was duly recorded. On June 30, 2016, Fifer notified Locklin-Johnson of the sale and provided Thornton with a 60-day notice to vacate.[10] Thornton failed to vacate within the 60-day period. Fifer instituted the unlawful detainer action on November 16, 2016, and served Locklin-Johnson and Thornton with an eviction summons.

In addition, the trustee's deed recites facts showing that the trustee's sale was conducted in compliance with all of the requirements of the Deeds of Trust Act. That recital alone is "prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers."[11] It is undisputed that Fifer is a bona fide purchaser at the trustee's foreclosure sale.

Even though Fifer satisfied all of the requirements for an unlawful detainer action, Locklin-Johnson argue that, because they filed the wrongful foreclosure action before Fifer filed the unlawful detainer action, the trial court erred in

---

[9] Lang Pham, 187 Wn. App. at 825.

[10] RCW 61.24.060(2).

[11] RCW 61.24.040(7).

issuing the writ. They argue that Fifer knew or should have known that they were not entitled to the property. We disagree because it is not relevant what Fifer knew at the time of the unlawful detainer action, which was almost six months after they purchased the property at the foreclosure sale.

The Deeds of Trust Act permitted Locklin-Johnson to challenge any alleged errors before the foreclosure sale or to seek restraint of the sale before it occurred.[12] If Locklin-Johnson believed the foreclosure was in error, they could have moved to restrain the sale, but they failed to do so. That failure constitutes a waiver of all but fundamental defects going to the validity of the sale itself such as a sale beyond the statutory deadline.[13]

Because Locklin-Johnson commenced their wrongful foreclosure action after the foreclosure sale, and they did not seek to restrain the sale, Fifer was entitled to possess the property and pursue this unlawful detainer action. Although Locklin-Johnson's claims against the lender or trustee are still unresolved, any recovery is limited to monetary damages and may "not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property."[14]

---

[12] RCW 61.24.130(1); RCW 61.24.090; see Plein v. Lackey, 149 Wn.2d 214, 225-26, 67 P.3d 1061 (2003).

[13] Plein, 149 Wn.2d at 229; Cox v. Helenius, 103 Wn.2d 383, 388, 693 P.2d 683 (1985).

[14] RCW 61.24.127(2).

In light of Locklin-Johnson's failure to identify any defect relevant to the validity of this unlawful detainer proceeding, the trial court did not err in issuing the writ of restitution.

## STAY OR CONTINUANCE

Locklin-Johnson argue that the trial court erred in refusing to grant a continuance or a stay. We disagree.

This court reviews for abuse of discretion the trial court's denial of a request for a continuance or a stay.[15] A trial court abuses its discretion if the decision is based on untenable grounds or for untenable reasons.[16]

During the show cause hearing, Locklin-Johnson requested a stay or continuance of the proceedings. Their counsel claimed that she had not had time to adequately prepare and that she wanted an opportunity to file a formal motion for a stay pending the outcome of the unlawful foreclosure action. But this motion never came. In any event, a stay or continuance would have been futile because, even if Locklin-Johnson prevail in the unlawful foreclosure action, they cannot set aside the foreclosure sale by the trustee that preceded this unlawful detainer action.[17]

---

[15] Qwest Corp. v. City of Bellevue, 161 Wn.2d 353, 358, 166 P.3d 667 (2007); Bunch v. Nationwide Mut. Ins. Co., 180 Wn. App. 37, 41, 321 P.3d 266 (2014).

[16] Shaw v. City of Des Moines, 109 Wn. App. 896, 901, 37 P.3d 1255 (2002).

[17] Ndiaye, 188 Wn. App. at 382; RCW 61.24.127(2).

Moreover, because an unlawful detainer proceeding is summary in nature, granting a continuance would have defeated its purpose which is to "offer a plaintiff the advantage of speedy relief."[18] Therefore, the trial court did not abuse its discretion in denying Locklin-Johnson's request to continue or stay the proceedings.

Locklin-Johnson also claim that the trial court abused its discretion in failing to grant a stay pending appeal. They are wrong.

Pursuant to RCW 59.12.200, an appealing party who desires a stay "shall execute and file a bond, with two or more sufficient sureties to be approved by the judge, . . . and pay all rents and other damages justly accruing to the plaintiff during the pendency of the proceeding."[19]

Although Locklin-Johnson claim that the trial court refused to consider a stay, the record shows that they never complied with the requirements of RCW 59.12.200. They never moved for a stay. And they did not offer the mandatory bond for the trial court to either accept or reject.

In addition, there is nothing in the record supporting Locklin-Johnson's argument that the trial court would not have allowed them to file a motion for a stay. Even after the writ of restitution has been issued and executed, the tenant may post a bond and be restored to possession of the premises pending

---

[18] Id.

[19] RCW 59.12.200; see Pleasant, 126 Wn. App. at 390.

resolution of the appeal.[20] But here, the record is devoid of any evidence of an attempt by Locklin-Johnson or Thornton to file a bond after the trial court issued the writ of restitution.

Finally, Locklin-Johnson's reliance on RAP 8.1 is misplaced for two reasons. First, RCW 59.12.200, not RAP 8.1, governs a stay of a writ of restitution pending appeal.[21] Second, RAP 8.1 requires a party seeking a stay to file a bond, cash or alternate security.[22] Locklin-Johnson did not do so.

Locklin-Johnson never moved for a stay pending appeal, and the trial court did not abuse its discretion in refusing to grant one sua sponte.

## ATTORNEY FEES

Fifer seeks an award of attorney fees, arguing that Locklin-Johnson filed a frivolous appeal.[23] We disagree.

RAP 18.9(a) permits an award of attorney fees to the prevailing respondent if an appeal is frivolous.[24] "An appeal is frivolous if there are no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that there is no reasonable possibility of reversal."[25] "All doubts

---

[20] RCW 59.12.220.

[21] See comment to RAP 18.22.

[22] RAP 8.1(b)(2).

[23] RAP 18.9(a).

[24] Mahoney v. Shinpoch, 107 Wn.2d 679, 691, 732 P.2d 510 (1987).

[25] In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013).

8

as to whether the appeal is frivolous should be resolved in favor of the appellant."[26] "An appeal that is affirmed simply because the arguments are rejected is not frivolous."[27]

While we reject all of Locklin-Johnson's arguments, we cannot say that their appeal was so totally devoid of merit as to be frivolous. We deny attorney fees.

We affirm and deny the request for an award of attorney fees.

_____Cox, J._____

WE CONCUR:

_____         _____

---

[26] Id.

[27] Id.

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 APR 30 AM 9: 17