# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| OWB REO, LLC, | No. 49821-9-II |
| Respondents, | |
| v. | |
| LEONID KUCHEROV and ANNA TSYBULSKAYA, husband and wife, | UNPUBLISHED OPINION |
| Appellants. | |

WORSWICK, J. — OWB REO, LLC purchased Leonid Kucherov and Anna Tsybulskaya's (the Kucherovs) property following a nonjudicial foreclosure sale. The Kucherovs failed to vacate the property, and OWB REO filed an unlawful detainer action. The superior court entered a judgment for unlawful detainer and entered an order directing issuance of a writ of restitution.

The Kucherovs appeal, arguing that the superior court erred in issuing the writ of restitution because the trustee's sale of their property to OWB REO was invalid, the superior court judge should have recused himself, and the superior court improperly deprived them of discovery. We affirm the judgment for unlawful detainer and the order for a writ of restitution.

FACTS

The Kucherovs owned real property in Clark County. In 2006, the Kucherovs obtained a construction loan from IndyMac Bank F.S.B., to finance construction of their residence on that property. The construction loan was secured by a deed of trust. The promissory note and deed

of trust were later assigned to CIT Bank. MTC Financial Inc. was appointed as trustee of CIT Bank's deed of trust.

The Kucherovs defaulted on their loan obligation in 2011, and CIT Bank began foreclosure proceedings in 2015. On May 20, 2016, MTC Financial held a nonjudicial foreclosure sale, and OWB REO purchased the property. OWB REO received a trustee's deed following the sale.

OWB REO filed an eviction summons, complaint for unlawful detainer, and a motion for an order to show cause in superior court. The superior court subsequently entered an order for a show cause hearing. On June 23, before the hearing, the Kucherovs filed a notice of removal in federal district court, seeking to remove OWB REO's unlawful detainer action. On July 1, the superior court entered an order directing issuance of the writ of restitution. On July 28, the federal district court entered an order remanding the case to the superior court.

Soon after, the Kucherovs filed an emergency motion in this court to stay or cancel the writ of restitution, arguing that the superior court lacked jurisdiction to order the writ because the case had been removed to federal court. Ruling Vacating Order of Restitution and Remanding for Further Proceedings, *Kusherov v. OWB REO, LLC*, No. 49441-8-II, at 1 (Wash. Ct. App. Sept. 1, 2016). OWB REO joined in the motion. *Kusherov*, No. 49441-8-II, at 1. A commissioner of this court vacated the order issuing a writ of restitution and remanded to superior court. *Kusherov*, No. 49441-8-II, at 2.

On remand, the Kucherovs filed a motion to recuse the superior court judge. In their motion, the Kucherovs argued that they did "not believe they [could] receive a fair hearing after the Court of Appeals reversed" the judge's unlawful detainer ruling. Clerk's Papers (CP) at 270.

2

The superior court judge determined: "[Y]our request to disqualify me is denied. I have no actual bias against you and there is no reason to think that I can't judge the case fairly . . . . So go on out and get your hearing date [for an evidentiary hearing] and we'll go from there." Verbatim Report of Proceedings (VRP) (Sept. 30, 2016) at 7.

The superior court then set an evidentiary hearing on OWB REO's unlawful detainer action. The Kucherovs then filed a motion to continue the evidentiary hearing and attached their requests for discovery. The Kucherovs argued that they needed a continuance until OWB REO complied with the discovery requests because they needed information regarding OWB REO's failure to pay business and occupation taxes in Washington and its failure to register. The Kucherovs asserted that because OWB REO failed to pay taxes and failed to register, it could not conduct business in the state and, therefore, could not purchase the property.

The superior court denied the Kucherovs' motion for continuance, stating that "[t]his is an unlawful detainer proceeding. . . . The discovery that was requested doesn't seem to have anything to do with the issues that I have to decide, so I'm going to go ahead and proceed." VRP (Oct. 28, 2016) at 7-8. The superior court subsequently entered an order directing the reissuance of the writ of restitution. The Kucherovs appeal.

ANALYSIS

The Kucherovs argue that the superior court erred in issuing the writ of restitution because the trustee's sale of their property to OWB REO was invalid, the superior court judge should have recused himself, and the superior court improperly deprived them of discovery. We disagree and affirm the judgment for unlawful detainer and the order for a writ of restitution.

3

I. INVALID FORECLOSURE SALE

The Kucherovs argue that the superior court erred in ordering the issuance of a writ of restitution because the trustee's sale of their property to OWB REO was invalid for three reasons. Specifically, the Kucherovs contend that the nonjudicial foreclosure sale was invalid because they satisfied their loan obligation to CIT Bank, OWB REO had not registered as a foreign corporation with the Washington secretary of state and was barred from doing business in the state,[1] and the foreclosure sale did not "take place on the courthouse steps." Br. of Appellant at 38. OWB REO argues that this court should not consider the Kucherovs' arguments because they do not fall within the limited range of defenses available in an unlawful detainer action. We agree with OWB REO.

An unlawful detainer action is a summary proceeding designed to resolve competing claims to possession of real property. *River Stone Holdings NW, LLC v. Lopez*, 199 Wn. App. 87, 92, 395 P.3d 1071 (2017). Because of its summary nature, unlawful detainer proceedings are narrow and are limited to resolving questions of possession and related issues like restitution of the premises. 199 Wn. App. at 92. As a result, "[i]ssues unrelated to possession are not properly part of an unlawful detainer action" and must be resolved in a separate action. 199 Wn. App. at 92. Unlawful detainer actions do not provide a forum for litigating claims to title. *Fed. Nat'l Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 382, 353 P.3d 644 (2015).

---

[1] In the introduction section of their brief, the Kucherovs argue, without authority, that OWB REO is barred from obtaining judgment in its unlawful detainer action because OWB REO failed to pay business and operations taxes in Washington. We do not review issues that are not supported by argument or citations to legal authority. RAP 10.3(a)(6); *City of Tacoma v. Price*, 137 Wn. App. 187, 200-01, 152 P.3d 357 (2007). Accordingly, we do not consider this issue.

We do not consider the Kucherovs' arguments that the trustee's nonjudicial foreclosure sale was invalid and rendered OWB REO's title to the property void. An unlawful detainer defendant generally cannot raise defective title as a defense to possession. *River Stone Holdings*, 199 Wn. App. at 96. And unlawful detainer actions do not provide a forum for litigating claims to title. *Ndiaye*, 188 Wn. App. at 382. Accordingly, the Kucherovs cannot defend against OWB REO's unlawful detainer action by asserting that the foreclosure sale was invalid and that OWB REO's title is void. Therefore, the Kucherovs cannot demonstrate that the superior court erred in issuing its writ of restitution order on this basis.

## II. RECUSAL & CONTINUANCE REQUESTS

The Kucherovs also argue that the superior court erred in ordering the issuance of a writ of restitution because the superior court judge should have recused himself and the superior court improperly deprived them of discovery. We disagree.

### A. *Recusal*

First, the Kucherovs argue that the superior court judge should have recused himself because he was biased and prejudiced against the Kucherovs and because there had been a successful appeal of the judge's prior ruling. We disagree.

We review a judge's decision whether to recuse himself for an abuse of discretion. *West v. Wash. Ass'n of County Officials*, 162 Wn. App. 120, 136, 252 P.3d 406 (2011). A judge abuses his discretion when his decision is manifestly unreasonable or is based on untenable reasons or grounds. *Kok v. Tacoma Sch. Dist. No. 10*, 179 Wn. App. 10, 23-24, 317 P.3d 481 (2013).

Due process, the appearance of fairness doctrine, and the Code of Judicial Conduct require that a judge disqualify himself from hearing a case when that judge is biased against a party or when his impartiality may be reasonably questioned. *West*, 162 Wn. App. at 136-37. A party claiming bias or prejudice must support the claim with evidence of the superior court's actual or potential bias. 162 Wn. App. at 137. "'Casual and unspecific allegations of judicial bias provide no basis for appellate review.'" *State v. Hecht*, 2 Wn. App. 2d 359, 369, 409 P.3d 1146 (2018) (quoting *Rich v. Starczewski*, 29 Wn. App. 244, 246, 628 P.2d 831 (1981)).

Following remand, the Kucherovs filed a motion to recuse the superior court judge, arguing that the superior court judge was biased against them and that they did "not believe they [could] receive a fair hearing after the Court of Appeals reversed" the judge's unlawful detainer ruling. CP at 270. The superior court judge denied the Kucherovs' motion, stating, "I have no actual bias against you and there is no reason to think that I can't judge the case fairly." VRP (Sept. 30, 2016) at 7.

The Kucherovs appear to argue that the superior court judge demonstrated bias against them because this court vacated the superior court's original order for a writ of restitution and because the superior court judge "rushed to judgment" on remand.[2] Br. of Appellant at 31. However, the Kucherovs fail to provide specific allegations of the superior court judge's actual or potential bias. Moreover, a superior court judge's adverse ruling, without more, does not

---

[2] The Kucherovs also appear to argue that the superior court judge "made unequivocal statements showing his prejudice toward pro se parties" during the first evidentiary hearing on OWB REO's unlawful detainer action. Br. of Appellant at 31. The record on appeal does not contain a transcript of the first evidentiary hearing. Accordingly, the record is insufficient to review this issue and precludes our review. *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012).

support an inference of bias. *See, e.g.*, *Rhinehart v. Seattle Times Co.*, 51 Wn. App. 561, 579-80, 754 P.2d 1243 (1988). Accordingly, the Kucherovs fail to show that the superior court judge abused his discretion in denying the motion to recuse.

B. *Motion for Continuance*

Next, the Kucherovs argue that the superior court erred in ordering the issuance of a writ of restitution because the court improperly deprived them of discovery.[3] Stated another way, the Kucherovs contend that the superior court erred in denying their motion for continuance because the Kucherovs sought evidence that would entitle them to affirmative relief in OWB REO's unlawful detainer action. We disagree.

Whether to grant or deny a motion for continuance is within the superior court's discretion. *Trummel v. Mitchell*, 156 Wn.2d 653, 670, 131 P.3d 305 (2006). We review a superior court's decision on a motion for continuance for an abuse of discretion. 156 Wn.2d at 670. A court abuses its discretion when its decision is based on clearly untenable grounds or is manifestly unreasonable. 156 Wn.2d at 671.

The Kucherovs filed a motion to continue the evidentiary hearing until OWB REO provided the requested discovery regarding its failure to pay taxes and its failure to register. The superior court denied the Kucherovs' motion, reasoning that the requested discovery was not relevant to an unlawful detainer action.

---

[3] The Kucherovs also argue that the superior court denied their right to a fair trial by denying their motion for continuance. Because the Kucherovs do not support their constitutional claim with sufficient argument or citation to authority, we do not review this issue. RAP 10.3(a)(6); *Price*, 137 Wn. App. at 200-01.

The Kucherovs argued that they needed a continuance to conduct additional discovery regarding OWB REO's ability to take title to the property. As discussed above, issues regarding title are not properly part of an unlawful detainer action and do not provide a defense to possession. *River Stone Holdings*, 199 Wn. App. at 92, 96. Accordingly, the trial court provided reasonable grounds for denying the Kucherovs' motion for continuance when it determined that the requested discovery was irrelevant. Therefore, the superior court did not abuse its discretion in denying the Kucherovs' motion for continuance.

We affirm the judgment for unlawful detainer and the order for a writ of restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Bjorgen, J.

_____
Sutton, J.

8