**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| GEORGIY BULKHAK, | No.  50997-1-II |
| Respondent, | |
| v. | |
| JOHN SCANNELL, et al, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Georgiy Bulkhak purchased Paul King's commercial property at a tax

foreclosure sale.[1]  King's tenant, John Scannell, failed to vacate the property.  Bulkhak filed an

unlawful detainer action, seeking a writ of restitution.  The superior court entered an order

directing issuance of a writ of restitution.

Scannell appeals, arguing that the superior court erred in issuing the writ of restitution

because (1) the superior court lacked subject matter jurisdiction, (2) the unlawful detainer action

had procedural errors, (3) the tax sale was invalid and therefore Bulkhak's title is defective, and

(4) Bulkhak is not Scannell's landlord.  We affirm the superior court's order for a writ of

restitution.

FACTS

Scannell had an agreement with Paul King to lease one unit in a commercial building in

Bremerton.  The lease provided Scannell an option to purchase the unit.  Scannell never

exercised his option to purchase.

---

[1] King is not a party to this action.

After King failed to pay property taxes for several years, Kitsap County began proceedings to foreclose on tax liens. Kitsap County sold the property to Bulkhak at a public foreclosure sale. Bulkhak posted a notice to vacate the property and mailed Scannell a notice. Scannell has not paid rent to Bulkhak.

Bulkhak filed an eviction summons, a complaint for unlawful detainer, and a motion for an order to show cause in Kitsap County Superior Court. At the show cause hearing, Judge Hemstreet denied Bulkhak's request for a writ of restitution because the eviction summons was not posted nine days before the return date, as required by statute.

Bulkhak then filed an amended eviction summons, complaint, and motion for an order to show cause. At the second show cause hearing, Judge Hemstreet ruled that unlawful detainer was appropriate, and entered an order directing issuance of the writ of restitution. Judge Hemstreet did not award a money judgment. On Scannell's motions, the superior court stayed Scannell's eviction pending appeal.

Scannell filed a motion for reconsideration of the superior court's decision to issue a writ of restitution. The superior court denied Scannell's motion for reconsideration. Scannell appeals.[2]

---

[2] In his notice of appeal, Scannell sought review of the superior court's order issuing writ of restitution, "Order Denying Set Aside and Order Granting Stay," and order denying Scannell's motion for reconsideration. Clerk's Papers (CP) at 82; *see* CP at 118. Scannell does not assign error to or offer argument regarding either the "Order Denying Set Aside and Order Granting Stay," or order denying his motion for reconsideration. Accordingly, we do not address either order.

ANALYSIS

Scannell claims that the superior court erred in issuing the writ of restitution, and makes several arguments regarding the superior court's order. Specifically, Scannell contends that (1) the superior court did not have subject matter jurisdiction over the unlawful detainer action, (2) the unlawful detainer action had a variety of procedural errors, (3) the tax sale of the property had various errors and therefore Bulkhak does not have title to the property, and (4) the landlord-tenant relationship is disputed.[3] We disagree.

Scannell has provided a limited record on appeal and has not provided verbatim reports of the superior court proceedings. An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). The appellant must also provide a record sufficient to review the issues raised on appeal. RAP 9.2(b); *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). The failure to do so precludes appellate review. *Stiles*, 168 Wn. App. at 259.

With few exceptions, Scannell has failed to comply with the requirements. Scannell's argument contains limited citations to the record and few references to relevant authority. Accordingly, we address Scannell's claims to the extent possible given the limits of the record and the legal analysis provided.

---

[3] Scannell also makes several references to other actions in Kitsap County Superior Court. He has not, however, included those other actions in the record. Scannell has the burden to provide an adequate record for our review. RAP 9.2(b); *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). We do not consider issues related to matters not included in the record.

I. UNLAWFUL DETAINER

An unlawful detainer action is statutorily created and provides an accelerated proceeding to resolve the right to possession of property. *Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). The unlawful detainer statutes were created as an alternative to a common law ejectment action. *River Stone Holdings NW, LLC v. Lopez*, 199 Wn. App. 87, 92, 395 P.3d 1071 (2017). An unlawful detainer action is a summary proceeding designed to resolve competing claims to possession of real property. *River Stone Holdings*, 199 Wn. App. at 92. Because of its summary nature, unlawful detainer proceedings are narrow and are limited to resolving questions of possession and "related issues like restitution of the premises." *River Stone Holdings*, 199 Wn. App. at 92. As a result, "[i]ssues unrelated to possession are not properly part of an unlawful detainer action" and must be resolved in a separate action. *River Stone Holdings*, 199 Wn. App. at 92. Unlawful detainer actions do not provide a forum for litigating claims to title. *Fed. Nat'l Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 382, 353 P.3d 644 (2015).

A. *Subject Matter Jurisdiction*

Scannell contends that the superior court lacked subject matter jurisdiction. Scannell argues that the court did not have *authority*, but he does not offer argument or authority explaining why the superior court did not have *subject matter jurisdiction*. We hold that the superior court had subject matter jurisdiction.

"The superior court of the county in which the property or some part of it is situated shall have jurisdiction of proceedings under this chapter." RCW 59.12.050. The property is located in Kitsap County. Bulkhak brought the action in Kitsap County. Accordingly, the Kitsap County Superior Court had jurisdiction.

Scannell references his answer to Bulkhak's complaint. There, he stated that the superior court lacked jurisdiction to award damages. To the extent that he argues that the superior court lacked jurisdiction to award damages, that claim fails because the superior court did not award damages.

To the extent that Scannell argues that the superior court lacked subject matter jurisdiction based on alleged defects in title, his argument fails. Claims regarding alleged defects in title do not concern the superior court's jurisdiction. *MHM&F, LLC v. Pryor*, 168 Wn. App. 451, 460, 277 P.3d 62 (2012).

B.      *Procedural Errors*

Scannell makes several claims related to alleged procedural errors. Specifically, he argues that he received insufficient notice of proceedings below and of the remedies that Bulkhak seeks on appeal; and that Bulkhak has engaged in "judge shopping" by bringing the same motion twice before different judges. Br. of Appellant at 8. These arguments fail.

1. *Notice*

Scannell argues that Bulkhak's eviction notices were invalid, and that he did not receive sufficient notice "for the remedy Bul[k]hak seeks in this action." Reply Br. of Appellant at 11 (emphasis omitted). We disagree.

Scannell contends that Bulkhak brought a second motion to show cause "without notifying the court or the defendant in violation of court rules." Br. of Appellant at 8. His argument is unclear and he does not provide citation to the record or to relevant authority. To the extent that Scannell claims that he did not receive notice of the second show cause hearing, that claim fails because the record contains a declaration of mailing for the order to show cause.

a. *Eviction Notices*

Scannell contends that Bulkhak's eviction notices are invalid because they do not name the other occupants of the property and because they did not place other occupants or King on notice of the proceedings. Scannell's claims appear to raise issues concerning other parties. Issues concerning other parties are not properly before us. Scannell appeared pro se, and is the only named defendant. A pro se litigant may represent only his own interests. *Hagan & Van Camp, P.S. v. Kassler Escrow, Inc.*, 96 Wn.2d 443, 450, 635 P.2d 730 (1981); *State v. Hunt*, 75 Wn. App. 795, 805, 880 P.2d 96, *review denied*, 125 Wn.2d 1009 (1994); *see* RCW 2.48.170. Furthermore, Scannell fails to offer citation to the record or to relevant authority to support his claim. In the absence of citation to the record or to relevant authority, we do not consider the claim. Failure to provide argument and citation to authority in support of an assignment of error precludes appellate consideration. RAP 10.3(a)(6); *Am. Legion Post No. 32 v. City of Walla Walla*, 116 Wn.2d 1, 7, 802 P.2d 784 (1991) ("In the absence of argument and citation to authority, an issue raised on appeal will not be considered.").

b. *Notice of Appellate Remedies*

Scannell claims that he did not receive sufficient notice for the remedy Bulkhak seeks on appeal. Generally, a respondent is not required to give an appellant advance notice of its appellate arguments. Further, a respondent is not required to give an appellant notice that it plans to request costs and fees on appeal. Scannell does not provide meaningful argument explaining his claim, or provide citation to authority. In the absence of meaningful argument or citation to authority, we do not consider the issue. RAP 10.3(a)(6); *Am. Legion*, 116 Wn.2d at 7.

2. *Judge shopping*

Scannell alleges that Bulkhak engaged in "judge shopping" by bringing a motion to show cause twice. Br. of Appellant at 8. We disagree. The limited record provided by Scannell indicates that Judge Hemstreet presided over both hearings. Furthermore, Scannell does not offer citation to the record or to authority. In the absence of meaningful argument or citation to authority, we do not consider the issue. RAP 10.3(a)(6); *Am. Legion*, 116 Wn.2d at 7.

C.    *Title*

Scannell makes various arguments concerning title to the property. In short, Scannell claims that the superior court erred by issuing the writ of restitution because of alleged defects in Bulkhak's title and because unlawful detainer is the incorrect proceeding to determine title to property. We hold that Scannell's arguments fail.

Unlawful detainer actions do not provide a forum for litigating claims to title. *Ndiaye*, 188 Wn. App. at 382. And an unlawful detainer defendant generally cannot raise defective title as a defense to possession. *River Stone Holdings*, 199 Wn. App. at 96. Issues unrelated to

7

possession are not properly included in an unlawful detainer action and must be resolved in a separate action.[4] *River Stone Holdings*, 199 Wn. App. at 92.

Scannell claims "superior title" to Bulkhak because of procedural errors in the foreclosure sale.[5] Scannell cannot defend against Bulkhak's unlawful detainer action by asserting that the tax sale was invalid and that Bulkhak's title is void. *See River Stone*, 199 Wn. App. at 96. Therefore, Scannell cannot demonstrate that the superior court erred in issuing its writ of restitution order on this basis.

Scannell also appears to argue that an unlawful detainer action is the improper procedure, and that Bulkhak should have brought a quiet title action to eject him.[6] A quiet title action is used to determine competing claims of property ownership. *Byrd v. Pierce County*, 5 Wn. App. 2d 249, 425 P.3d 948, 956 (2018).

---

[4] Scannell attempted to resolve his title claims in a separate action. Before the foreclosure sale, Scannell filed a notice of appearance, claiming an interest in the property. The superior court gave Scannell an opportunity to prove his ownership interest in the property and pay the required taxes. The superior court entered an order authorizing the foreclosure sale, finding that "Scannell had demonstrated no valid defense" to the foreclosure sale. *Kitsap County v. Scannell*, No. 77734-3-I, slip op at 3 (Wash. Ct. App. April 30, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/777343.pdf. Scannell did not pay the taxes owed. Almost one year after the foreclosure sale, Scannell and King brought a motion to set aside the order authorizing the sale and the sale itself. The superior court denied the motion. Division One of this court affirmed.

[5] Scannell argues that he and King claim superior title to Bulkhak because of defects in the tax sale. King is not a party to this action, and issues concerning nonparties are not properly before us.

[6] Scannell references "ejectment," but does not make arguments related to ejection. Br. of Appellant at 9.

Scannell essentially argues that unlawful detainer is inappropriate because his unexercised purchase option survived the tax sale, which results in a defect in Bulkhak's title. Scannell has not offered any authority supporting the proposition that an unexercised purchase option survives a tax sale. Generally, a purchaser at a tax foreclosure sale takes title free and clear of all encumbrances. *Lake Arrowhead Cmty. Club, Inc. v. Looney*, 112 Wn.2d 288, 291, 770 P.2d 1046 (1989); *City of Olympia v. Palzer*, 107 Wn.2d 225, 228, 728 P.2d 135 (1986) ("The provisions of RCW 84.64 provide for the creation of a new title free and clear of all encumbrances on sale of property at a tax foreclosure."). RCW 84.64.

For the first time in his reply brief, Scannell claims that Bulkhak's action was improper under RCW 59.16.030. RCW 59.16 is titled "Unlawful Entry and Detainer." Bulkhak brought his claim under RCW 59.12. An issue raised for the first time in a reply brief is too late to warrant consideration. C*owiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Moreover, Scannell does not demonstrate that RCW 59.16 is applicable here.

Scannell contends that Bulkhak cannot use the unlawful detainer proceedings to seek a determination that Bulkhak has superior title. But there is no indication that Bulkhak seeks a determination that he has superior title. Scannell makes conclusory allegations, without support, that Bulkhak's title is disputed but fails to support his claim with citation to the record, relevant authority, or meaningful argument. In the absence of meaningful argument or citation to authority, we do not consider the issue. RAP 10.3(a)(6); *Am. Legion*, 116 Wn.2d at 7.

D.       *Landlord-Tenant Relationship*

Scannell claims that the landlord-tenant relationship is disputed.  His argument regarding a landlord-tenant relationship is not clear.

Scannell acknowledges that he was a tenant of the property.  He had a lease with the former owner and he occupied the property.  To the extent that Scannell argues that he is not a tenant because he does not have a contractual relationship with Bulkhak, that argument fails.  Scannell does not provide authority supporting his claim that a contractual relationship between the owner and tenant is required.  We do not consider the issue in the absence of meaningful argument or citation to authority.  RAP 10.3(a)(6); *Am. Legion*, 116 Wn.2d at 7.

## II.  ATTORNEY FEES

Scannell argues that the superior court erred by not awarding fees for a frivolous action.  Scannell does not provide citation to the record or provide meaningful argument regarding his claim.  Failure to provide argument and citation to authority in support of an assignment of error precludes appellate consideration.  RAP 10.3(a)(6); *Cowiche Canyon*, 118 Wn.2d at 809; *Am. Legion*, 116 Wn.2d at 7.  Moreover, Bulkhak prevails and therefore his action was not frivolous.

Scannell requests attorney fees on appeal.  For a party to be awarded attorney fees on appeal, it must provide more than a bald request for attorney fees.  RAP 18.1(b); *Hudson v. Hapner*, 170 Wn.2d 22, 33, 239 P.3d 579 (2010).  Scannell does not offer meaningful argument explaining why he is entitled to attorney fees.  Accordingly, does not demonstrate that he is entitled to fees on appeal.

10

No. 50997-1-II

Bulkhak requests reasonable appellate attorney fees under RAP 18.9 and RCW 4.84.185, characterizing this appeal as frivolous. His request is based solely on the alleged frivolous nature of the appeal. We deny his request. RAP 18.9(a) allows this court to award sanctions, such as a grant of attorney fees and costs to an opposing party, when a party brings a frivolous appeal. "An appeal is frivolous if, considering the whole record, this court is convinced there are no debatable issues on which reasonable minds may differ and it is totally devoid of merit." *In re Recall of Boldt*, 187 Wn.2d 542, 556, 386 P.3d 1104 (2017). Scannell's appeal does not appear totally devoid of merit.

We affirm the superior court's order issuing writ of restitution.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.

11