**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MVP DEVELOPMENTS LLC, | No. 87196-0-I |
| Respondent, | |
| | DIVISION ONE |
| v. | |
| | UNPUBLISHED OPINION |
| JOHN R. WILSON; JACQUELINE M. WILSON; and ALL OCCUPANTS OF THE PREMISES LOCATED AT 19318 99TH AVE. SE, SNOHOMISH, WA, | |
| Appellants. | |

FELDMAN, J.— John and Jacqueline Wilson seek review of various trial court orders granting MVP Developments LLC (MVP) possession of their home, raising claims that challenge the validity of a trustee's sale conducted under Washington's Deed of Trust Act (DTA), chapter 61.24 RCW. Although the Wilsons attempted to prevent the trustee's sale before it took place, the trial court in that separate litigation allowed the sale to proceed. Because the Wilsons present no cognizable arguments related to possession or the orders designated for review and make no showing that the unlawful detainer action ran afoul of any requirements of applicable law, we affirm.

I

The Wilsons executed a promissory note secured by a deed of trust when they refinanced the mortgage on their Snohomish County home in 2005. After the Wilsons ceased making payments on the loan around January 2011, the lender initiated proceedings to foreclose on its security interest. The Wilsons filed multiple lawsuits in connection with the foreclosure.[1] Two phases of the litigation are of particular relevance to this appeal.

First, on April 28, 2023, the Wilsons filed a lawsuit in Snohomish County Superior Court against the lender and foreclosure trustee to forestall the foreclosure. Less than a week later, the trial court granted the Wilsons' motion for a seven-day injunction, preventing a foreclosure sale, conditioned on payment of a bond. On May 11, 2023, after a hearing on the merits and expiration of the temporary injunction, the trial court declined to renew or extend the injunction, thereby allowing the foreclosure sale to proceed. The lawsuit, which included claims for declaratory relief, was removed to federal court, consolidated with a Chapter 13 bankruptcy petition the Wilsons filed in May 2023, and remains pending. *See Wilson v. JPMorgan Chase Bank NA et al.*, 750 F. Supp. 1218, 1222-23 (W.D. Wash. 2024).

Second, on April 3, 2024, MVP filed in the trial court below a complaint for unlawful detainer after it purchased the property at a trustee's sale, the foreclosure

---

[1] *See, e.g.*, *Wilson v. JPMorgan Chase Bank N.A.*, 2:17-CV-00696-RAJ, 2018 WL 953362 (W.D. Wash. Feb. 20, 2018); *Wilson v. Quality Loan Service Corp.*, No. 74705-3-I (Wash. Ct. App. April 17, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/747053.pdf.

trustee recorded a trustee's deed, and the Wilsons did not surrender the property.[2] Seeking a writ of restitution, MVP asserted it was entitled to possess the property because more than 20 days had elapsed since the March 8, 2024 trustee's sale. *See* RCW 61.24.060(1) (purchaser at trustee's sale is entitled to possession on twentieth day following sale and to use summary proceedings set forth in chapter 59.12 RCW). At a show cause hearing before a superior court commissioner, the Wilsons confirmed that no injunction had prohibited the trustee's sale. On April 30, 2024, at the conclusion of the hearing, the court issued a writ of restitution. In an accompanying order, the court determined that MVP was the "lawful owner and entitled to immediate possession of the real property," the Wilsons had "no legal right to be in possession of the [p]roperty," and there was "no substantial dispute of material fact" that MVP was entitled to a writ of restitution.

The Wilsons then filed a series of motions seeking to rescind, revise, and/or stay the writ of restitution. The trial court granted a temporary stay and granted in part the Wilsons' motion to revise, requiring MVP to post a bond, but otherwise affirmed the writ. The court extended the writ on May 14, 2024, and the Snohomish County Sheriff executed the writ, thereby allowing MVP to possess the property. The Wilsons thereafter filed a motion for reconsideration, which the trial court denied. This timely appeal followed.

---

[2] The trustee's deed conveyed title to MVP and Eastside Funding LLC "for security purposes only," and Eastside Funding then quitclaimed its interest to MVP.

II

A.    Mootness

Preliminarily, MVP argues this court can no longer provide effective relief—and thus the appeal is moot—because it recently sold the property and therefore the Wilsons' possession can no longer be restored.  This argument fails for two reasons.  First, no competent evidence before this court establishes that a sale has occurred.  *See Hernandez v. France*, 29 Wn. App.2d  777, 783, 544 P.3d 518 (2004) (rejecting mootness argument in part because of lack of evidence of sale in the record on review).  MVP cites no authority that authorizes this court to take judicial notice of the substance of a recorded document that has not been provided.  Where, as here, "a party cites no authorities supporting [their] argument, we may assume that counsel searched diligently and found none."  *Carter v. State by & through Dep't of Soc. & Health Servs.*, 26 Wn. App. 2d 299, 317, 526 P.3d 874 (2023).  Second, this court has recognized a distinction between possession and the right to possess property and has observed that the right to possess is still "involved" even when possession itself may no longer be restored.  *Liverpool LLC v. Farley*, 33 Wn. App. 2d 568, 574, 563 P.3d 457 (2025).  Even if MVP has sold the property, this issue—the right to possession—is not moot.

B.    Writ of Restitution

Turning to the merits of the Wilsons' arguments, the Wilsons challenge the trial court's April 30, 2024 order directing the clerk of the court to issue a writ of restitution and the subsequent order extending the writ.  To the extent cognizable in this appeal, none of their arguments establish an entitlement to relief.

RCW 61.24.060 allows a purchaser at a nonjudicial foreclosure sale "to utilize an unlawful detainer action under chapter 59.12 RCW to secure possession of the property." *River Stone Holdings NW, LLC v. Lopez*, 199 Wn. App. 87, 93, 395 P.3d 1071 (2017). The purchaser is entitled to possess the property on the twentieth day following the sale. RCW 61.24.060(1); *Fed. Nat. Mortg. Ass'n v. Ndiaye*, 188 Wn. App. 376, 381-82, 353 P.3d 644 (2015). Because the purpose of unlawful detainer is to promptly resolve issues involving the right to possess real property, challenges to a writ of restitution are permitted on only "narrow" grounds, "limited to the question of possession" and related issues, including restitution and rent. *Ndiaye*, 188 Wn. App. at 382; *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). Unlawful detainer actions do not provide a forum to litigate claims to title or challenges to the underlying foreclosure action. *Ndiaye*, 188 Wn. App. at 382.

As they argued below, the Wilsons contend that the trustee's sale was "void ab initio" and did not lawfully convey title to MVP because (1) there was no properly-appointed trustee at the time of the sale, (2) the lender failed to comply with certain DTA procedures to render the full loan amount due and payable, and (3) MVP was aware of the Wilsons' superior property interest since they filed a lis pendens in May 2023. The Wilsons assert that these issues are central to the validity of the trustee's sale and have yet to be resolved in the pending federal court litigation against the lender and trustee. But because it is well settled that such challenges are not properly adjudicated in an unlawful detainer action, we need not reach these issues here. *See River Stone*, 199 Wn. App. at 95 (declining

5

to consider challenges to validity of trustee's sale and alleged DTA violations in appeal from writ of restitution issued in unlawful detainer action).

In any event, the record supports the trial court's determination that MVP was the lawful owner because it purchased the property at a trustee's sale, the trustee's deed conveyed title to MVP, and the deed was duly recorded. The trustee's deed recited facts reflecting that the sale was conducted in compliance with the statutory requirements and the deed of trust. Under RCW 61.24.040(11), this recital is "prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value." The Wilsons do not dispute that the deed included this language that provides "conclusive evidence" of MVP's status as a bona fide purchaser. The Wilsons challenge MVP's title but not the process by which it obtained the writ of restitution.[3] It is beyond dispute that MVP satisfied the requirements for an unlawful detainer claim under the DTA. The Wilsons' pending claims against the lender and trustee challenging the validity of the foreclosure and trustee's sale do not implicate MVP's status as a bona fide purchaser.

The DTA permitted the Wilsons to challenge alleged errors before the foreclosure sale occurred and seek to enjoin the sale. RCW 61.24.130(1). As noted previously, the Wilsons availed themselves of this opportunity, but the trial court ultimately denied their motion to enjoin the sale. Washington law does not permit the Wilsons to collaterally attack the superior court's decision in the

---

[3] Insofar as the Wilsons argue that the designated April 30, 2024 order directed issuance of a writ without requiring a bond as required by RCW 59.12.090, it is undisputed that the court later revised this aspect of the order.

foreclosure litigation through an appeal of subsequent orders entered in a separate unlawful detainer matter. *See Ndiaye*, 188 Wn. App. at 381 ("collateral attack" of a deed of trust foreclosure not permitted in an unlawful detainer appeal); *Plein v. Lackey*, 149 Wn.2d 214, 225-27, 67 P.3d 1061 (2003) (failure to pursue DTA presale remedies may result in waiver). The Wilsons' arguments regarding the writ of restitution thus fail.

C.     Post-Writ Orders

In addition to challenging the writ of restitution, the Wilsons designate for review a stay order, an order on revision, and an order on reconsideration. But the Wilsons' briefing does not mention these orders, let alone provide a legal basis to challenge them. We decline to address such issues. *See* RAP 10.3; *Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit appellate review."). Because the Wilsons do not identify any defect relevant to the validity of the orders appealed in this unlawful detainer matter or argue that the trial court erred in issuing the writ of restitution, they have not established in this appeal any entitlement to relief.

Affirmed.

Feldman, J.

WE CONCUR:

Díaz, J.

, ACJ