IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| W.L. "LEE" BARR and SUSAN C. BARR, husband and wife, | ) ) ) | No. 32432-0-III |
| Appellant, | ) ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| BONITA "NITA" I. YOUNG, | ) ) | |
| Respondent. | ) ) | |

BROWN, J. – W. L. "Lee" Barr and Susan C. Barr appeal the trial court's judgment on an arbitration award favoring their former tenant, Bonita "Nita" Young. The Barrs, who sued for unlawful detainer, mainly contend the court erred in referring Ms. Young's damages counterclaims to mandatory arbitration. Because premise possession issues had been resolved, the trial court did not abuse its discretion in effectively converting the remaining counterclaims into a civil suit when referring the case to mandatory arbitration. Accordingly, we affirm.

FACTS

In 2011, the Barrs and Ms. Young entered into a one-year lease in which the Barrs were the landlords and Ms. Young the tenant. Issues between the Barrs and Ms. Young arose shortly after Ms. Young began her tenancy. The Barrs claimed Ms. Young

willfully destroyed their property. On September 3, 2011, Ms. Young permitted Mr. Barr to enter the house to repair the kitchen sink and a screen door. But Mr. Barr additionally installed wooden window dowels that prevented anyone from opening the windows more than a few inches and nailed the bathroom window shut. While Mr. Barr asserted the dowels were necessary for safety and security, the Barrs had complained Ms. Young left the windows wide open. Upon discovering the dowels, Ms. Young contacted the Yakima Police Department. An officer advised Ms. Young the dowels created a safety issue and needed to be removed. After removing the dowels herself because Mr. Barr refused to do so, Ms. Young received a letter from Mr. Barr threatening criminal prosecution. The Barrs also alleged other lease violations related to policies for pets, smoking, occupancy limits, and parking.

In early September 2011, the Barrs unsuccessfully tried to terminate the tenancy, then sued Ms. Young for unlawful detainer on October 14, 2011. Ms. Young answered and counterclaimed on October 20, 2011, asserting her eviction was retaliatory and seeking damages. In early November 2011, prior to any hearing, Ms. Young began looking for a new place to live; she voluntarily vacated the rental house on December 1, 2011. The Barrs' attorney in this matter withdrew from representing them on December 1, 2011. On December 23, 2011, upon failure to receive a reply to Ms. Young's answer, Ms. Young moved for an order of default. The Barrs, pro se, responded on January 13, 2012, partly indicating they had recovered the premises and asserting the unlawful detainer should be dismissed.

2

In August 2012, Ms. Young successfully petitioned to move the case to mandatory arbitration. Although the Barrs formally objected, the arbitration hearing was held after due notice on December 18, 2012; the Barrs did not appear. The arbitrator awarded Ms. Young $4,463.67 for damages. The Barrs requested a trial de novo on January 2, 2013, but apparently failed to pay necessary jury fees. On February 7, 2014, the court converted Ms. Young's arbitration award to a money judgment against the Barrs. The court denied the Barrs' motion for reconsideration. The Barrs appealed.

ANALYSIS

The issue is whether the trial court erred in ordering mandatory arbitration under chapter 7.06 RCW. The Barrs contend the court misapplied unlawful detainer law when deciding Ms. Young's damages counterclaim arising under the Barrs' unlawful detainer action was suitable for mandatory arbitration. They argue the court should have vacated the arbitration award and dismissed the unlawful detainer action with prejudice.

We review a trial court's determination of arbitrability for abuse of discretion. *Fernandes v. Mockridge*, 75 Wn. App. 207, 211, 877 P.2d 719 (1994). A trial court abuses its discretion when its decision is "manifestly unreasonable or based on untenable grounds." *Id.*

RCW 59.12.030 authorizes unlawful detainer actions, which are summary proceedings used to "determine the right of possession as between landlord and tenant." *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). Because unlawful detainer actions are summary in nature, the action itself is narrowly construed

3

and is "limited to the question of possession and related issues such as restitution of the premises and rent." *Id.*; *see Angelo Property Co., LP v. Hafiz*, 167 Wn. App. 789, 808, 274 P.3d 1075, *review denied*, 175 Wn.2d 1012 (2012) (reiterating that "the primary issue for the trial court to resolve is the 'right to possession' as between a landlord and a tenant"). In unlawful detainer proceedings, the trial court has statutorily limited jurisdiction and cannot resolve issues outside the scope of RCW 59.12.030. *Angelo Property Co., LP*, 167 Wn. App. at 809.

Generally, counterclaims in unlawful detainer actions are not allowed. *Munden*, 105 Wn.2d at 45. But counterclaims and affirmative equitable defenses are allowed when "based on facts which excuse a tenant's breach." *Id.* (quoting *First Union Mgt., Inc. v. Slack*, 36 Wn. App. 849, 854, 679 P.2d 936 (1984)) (stating breach of implied warranty of habitability and breach of covenant of quiet enjoyment are allowed); RCW 59.18.380. Specific to our situation, a collateral rule is applicable:

> Where the right to possession ceases to be at issue at any time between the commencement of an unlawful detainer action and trial of that action, the proceeding may be converted into an ordinary civil suit for damages, and the parties may then properly assert any cross claims, counterclaims, and affirmative defenses.

*Munden*, 105 Wn.2d at 45-46. No particular method exists for the trial court to convert an unlawful detainer action into a civil suit. *Id.* at 47 (noting because the "trial court has inherent power to fashion the method by which an unlawful detainer action is converted to an ordinary civil action," the court could require amended pleadings or grant a

4

continuance). The collateral rule prevents lawsuit multiplicity and enhances judicial economy by sparing the parties the need to maintain two suits. *Id.* at 46-47.

For example, in *Munden*, the lessor filed an unlawful detainer action. *Id.* at 41. The tenants counterclaimed for car damages suffered on the rented property when a rock retaining wall collapsed. *Id.* The tenants voluntarily vacated the property and submitted an affidavit stating their tenancy was terminated. *Id.* at 47. The trial court dismissed the tenants' counterclaim for lack of subject matter jurisdiction. *Id.* at 42. The court remanded the case to the trial court for a determination of the tenants' counterclaim because the tenants' actions demonstrated no issue regarding a right to possession and the counterclaim could have been converted to a civil suit. *Id.* at 47. *But see Angelo*, 167 Wn. App. at 816-17 (finding although there was no question regarding right to possession, the unlawful detainer action was not converted to a civil suit because the trial court expressly stated it did not convert the action before it assumed jurisdiction over the tenant's counterclaim).

Under the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW, landlords and tenants may agree to arbitration governed by chapter 7.04A RCW. RCW 59.18.320. But in certain actions, including unlawful detainer actions filed by landlords, arbitration is not allowed. RCW 59.18.320(1)(b)(ii).

Mandatory arbitration is governed by chapter 7.06 RCW. RCW 7.06.020(1) authorizes mandatory arbitration in almost all civil actions where the sole relief sought is a money judgment in an amount not more than $15,000.00. *See* LOCAL RULES FOR

MANDATORY ARBITRATION 1.2 (authorizing mandatory arbitration for civil actions in Yakima County Superior Court). Mandatory arbitration serves the dual purpose of alleviating court congestion and reducing delay in hearing cases. *Fernandes*, 75 Wn. App. at 211.

The Barrs sued for unlawful detainer. While counterclaims are generally not allowed in such actions, a claim of retaliatory eviction may be allowed. *See Port of Longview v. Int'l Raw Materials, Ltd.*, 96 Wn. App. 431, 979 P.2d 917 (1999) (allowing a commercial tenant to assert retaliatory eviction defense in an unlawful detainer action). *But see Angelo*, 167 Wn. App. at 815 (not allowing a counterclaim of constructive eviction where landlord's grounds in the unlawful detainer action involved allegations of using the property for unlawful activities and committing waste). Here, Ms. Young conceded her right to possession of the property before a hearing on the unlawful detainer. With the Barrs' assistance, Ms. Young voluntarily vacated the rental premises. Ms. Young never attempted to re-enter the premises. Ms. Young no longer sought to be restored with possession of the property and asked solely for damages.

Because the right to possession was no longer at issue, the trial court could have converted the proceeding to an ordinary civil suit in a number of ways. While the trial court did not expressly state it converted the unlawful detainer to a civil suit, being aware of the Barrs' objection, it effectively converted the unlawful detainer into a civil suit by ordering mandatory arbitration. Because the case was then purely a civil action, chapter 7.06 RCW applied. Thus, the trial court correctly ordered mandatory arbitration

and did not abuse its discretion. It follows that the trial court did not abuse its discretion or err when it denied the Barrs' motion for reconsideration. We review a trial court's ruling on a reconsideration motion for an abuse of discretion. *Go2Net, Inc. v. C I Host, Inc.*, 115 Wn. App. 73, 88, 60 P.3d 1245 (2003).

Next, the Barrs obliquely assert substantial justice was not done. An arbitrator "may allow an absent party an opportunity to appear at a subsequent hearing before making an award" provided the absent party shows good cause. MANDATORY ARBITRATION RULE 5.4. Given the circumstances surrounding the Barrs' health and finances, the Barrs might have showed good cause and been afforded an opportunity to be heard at a later date. Similarly, the Barrs could have followed up with their request for a trial de novo. Aware of the Barrs' objections and dismissal request, the trial court ordered mandatory arbitration for Ms. Young's claim for damages, the sole relief remaining after the issue of possession was no longer before it. Considering all, including the Barrs' inaction in failing to perfect their demand for a trial de novo, we conclude the trial court did not err in denying the Barrs' motion for reconsideration on the basis that substantial justice was not done.

Affirmed.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

7