IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 36767-3-III |
| | ) | |
| HEC DANIEL SELVIDGE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| REBECCA LYNN SELVIDGE, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, J. — Hec Selvidge appeals the trial court's property award to

Rebecca Selvidge. We affirm.

FACTS

Hec[1] raises three issues on appeal. We organize the facts based on those issues.

*1.      Hec's claim for a separate property lien*

Hec and Rebecca began living together in late 1997. She brought with her a horse

trailer, a pickup, and about $20,000 in cash. In November 1998, they became engaged,

but did not marry until September 2002.

---

[1] We often refer to parties in a divorce appeal by their first names. This avoids the overuse of "Mr." and "Ms."

In April 2002, Hec entered into a real estate contract to purchase 21 Robinson Street.[2] At the same time, he also purchased a single wide mobile home for $12,000 cash. Both Hec and Rebecca worked to develop the Robinson Street property. They placed the mobile home on the property and moved into it around September. Hec paid five monthly payments on the real estate contract before he married Rebecca. Those five payments totaled $2,550.

In April 2010, Hec signed a quit claim deed, converting the Robinson Street property to community property. He conveyed the property to the community to secure a loan in his and Rebecca's names so they could build a house on the property. He soon after sold his mobile home for $8,000 and used the proceeds toward the new house.

In closing, Hec said he was not claiming a separate property lien with respect to the $8,000 mobile home proceeds he put into the house. He instead argued he was entitled to a separate property lien in the amount of the purchase price of the bare land.

In response, Rebecca argued the quit claim deed extinguished Hec's separate property interest. Alternatively, she argued Hec's separate property lien was limited to $2,550, the amount he paid toward the property during the five months before they married.

---

[2] The record contains no evidence of any down payment on this property.

2

The trial court did not grant Hec a separate property lien in Robinson Street. Instead, it found Hec gifted his separate property interest in Robinson Street to the community to obtain a loan to improve the property.

2.    *The logging account*

Parties in a dissolution action must, under Okanogan County Local Rule (LSPR) 94.04.01(d)(4), submit a final verified asset/debt matrix before trial. There are two purposes for this. First, it permits the parties to know what assets and values are agreed on and helps focus them on presenting their evidence. Second, the trial court uses the matrices to assist in organizing its notes and arriving at a final property award.

Rebecca submitted a matrix in accordance with the local rule. Her matrix reflected a bank account nominated as "Hec Selvidge Logging" valued at $43,726.01 on the date of separation and proposed assigning the asset to Hec. Ex. 59. She did not testify specifically about this asset. Instead, she testified that the values she assigned on her matrix were true and accurate as of 2016. Hec did not testify about the value of the logging account. In its findings of fact, the trial court assigned a value of $5,000 to that account. Rebecca filed a motion for reconsideration, requesting the court to reconsider the value of five items, including the value of the logging account.

The trial court agreed there was no evidence to support its $5,000 finding, and the only evidence before the court was the matrix entry. Hec argued the matrix was not evidence and Rebecca should have submitted bank records to support the value. Rebecca noted she actually got the value from Hec. The trial court decided it wanted the actual bank records for the account for the month of February 2016, the month the parties separated.

At the presentment hearing, the court reviewed the February 2016 bank records, and they reflected that the value of the logging account was $45,623.14. Hec did not object to the trial court considering the actual banking records posttrial.

*3.    Property distribution award*

Based on this corrected value for the logging account, the trial court reduced Rebecca's earlier ordered equalization payment from $50,000 to $29,688.43. The final property distribution award was $180,777.67 to Hec and $197,934.10 to Rebecca.

Hec timely appealed to this court.

ANALYSIS

1.    SEPARATE PROPERTY LIEN

Hec contends the trial court erred in not recognizing he had an $18,550 separate property lien in Robinson Street. Although unclear, it appears he arrives at this number

4

by adding the $2,550 in payments he made on the property prior to marriage, $8,000 he

put into the new house from the sale of his mobile home, and an $8,000 down payment on

the property (of which there is no evidence in the record).  He argues, even if the property

is deemed community property, he was able to clearly trace his separate property

contributions to preserve his right to a separate property lien.

Hec's argument misses the point.  The trial court found Hec gifted his separate

property interest to the community to obtain a loan to improve the property.  Hec does not

assign error to this finding that he gifted his interest to the community.  This finding,

therefore, is a verity on appeal.  *Scheib v. Crosby*, 160 Wn. App. 345, 349, 249 P.3d 184

(2011).[3]

2.      RECONSIDERATION OF LOGGING ACCOUNT VALUE

Hec contends the trial court erred by granting Rebecca's motion for

reconsideration.  We begin by reviewing the standards for granting or denying a

reconsideration request.

---

[3] The failure to assign error results in only a minor financial consequence to Hec. At trial, he had waived his argument to the $8,000 proceeds from the sale of his mobile home, and he did not present evidence at trial of his initial real estate down payment.  Had he assigned error to the trial court's finding, at best, he could have received a $2,550 credit.

A trial court's decision to grant or deny a motion for reconsideration is reviewed by this court for abuse of discretion. *Barr v. Young*, 187 Wn. App. 105, 111, 347 P.3d 947 (2015). Abuse of discretion is found only when the decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). A trial court may deny reconsideration if the requesting party fails to establish good cause. *River House Dev., Inc. v. Integrus Architecture, P.S.*, 167 Wn. App. 221, 231, 272 P.3d 289 (2012).

Hec raises three arguments why the trial court erred in granting reconsideration. We address his arguments separately.

*First argument: Rebecca should not receive a second chance to present evidence*

Hec argues Rebecca waived her right to present evidence of the logging account's value. We disagree.

In a divorce proceeding, the owner of property can testify to its value. *Worthington v. Worthington*, 73 Wn.2d 759, 763, 440 P.2d 478 (1968). Rebecca testified that the values in her matrix were true and accurate as of 2016. Rebecca's matrix reflected the value of the logging account as $43,726.01. Although the matrix itself is not evidence, Rebecca's *testimony* about the values in her matrix is evidence.

*Second argument*: *The trial court erred by considering new evidence*

Hec also argues the trial court erred by considering new evidence on

reconsideration. Hec correctly notes the trial court granted reconsideration based on

CR 59(a)(7)—no evidence to justify its decision. Hec correctly argues this basis for

reconsideration does not permit a court to consider new evidence. *Meridian Minerals Co.*

*v. King County*, 61 Wn. App. 195, 203, 810 P.2d 31 (1991); *Holaday v. Merceri*, 49 Wn.

App. 321, 330, 742 P.2d 127 (1987); *Jet Boats, Inc. v. Puget Sound Nat'l Bank*, 44 Wn.

App. 32, 42, 721 P.2d 18 (1986).

But here, the trial court reviewed the bank records because Hec argued Rebecca's

matrix was not competent evidence. The trial court considered the logging account bank

records because it wanted its decision to be accurate. Hec did not object to the trial court

considering the logging account bank records.

We generally do not consider a claim of error that was not raised to the trial court.

RAP 2.5(a). Requiring errors to be first raised to the trial court "'gives the trial judge an

opportunity to address an issue before it becomes an error on appeal, and promotes the

important policies of economy and finality.'" *Wilcox v. Basehore*, 187 Wn.2d 772, 788,

389 P.3d 531 (2017) (quoting *State v. Kalebaugh*, 183 Wn.2d 578, 583, 355 P.3d 253

(2015)). Had Hec objected to the trial court considering the logging account bank

7

records, the trial court might instead have relied on Rebecca's testimony that her matrix

values were true and accurate.

*Third argument: Remand to allow both parties to present new evidence*

Hec also argues that if we remand to allow new evidence of the logging account

value, we should allow him to present new evidence that the logging account was mostly

funded from his separate property. Because we are not remanding to allow new evidence

of the logging account value, we need not address Hec's final argument.

3.     DISPARITY IN PROPERTY DIVISION

Hec contends the trial court abused its discretion by dividing the property in such a

way as to create a patent disparity between the parties. He argues there is no tenable

reason the trial court distributed the property to give Rebecca $17,000 more than it gave

him. We disagree.

When distributing property between divorcing parties, the trial court has extremely

broad discretion and this court will not reverse a trial court's distribution decision absent

a showing of a manifest abuse of discretion. *In re Marriage of Stachofsky*, 90 Wn. App.

135, 142, 951 P.2d 346 (1998). We will only find a manifest abuse of discretion if no

reasonable judge would have distributed the property the same way. *In re Marriage of*

*Kim*, 179 Wn. App. 232, 240, 317 P.3d 555 (2014). If the division results in a patent

disparity between the parties, based on their economic circumstances, this court will find a manifest abuse of discretion. *Id.* at 253.

The record shows Rebecca and Hec earned similar net incomes. Rebecca earned approximately $33,700 per year, and Hec earned approximately $31,600 per year. The trial court's division of property left Hec with an equalization judgment against Rebecca of $29,688.43. As with most judgments, this judgment earns interest at 12 percent per year. It will cause some economic hardship for Rebecca to pay this amount. We conclude the judgment itself is a sufficient economic hardship to Rebecca that a small disproportionality in the property award does not constitute a patently unfair division.

4.  ATTORNEY FEES

Rebecca requests we award her reasonable attorney fees on appeal because Hec's appeal is frivolous. We decline to do so.

RAP 18.9 allows the trial court, either on its own initiative or in response to a party's motion, to order a party "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court" for filing a frivolous appeal. This may include attorney fees. *Kinney v. Cook*, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

This court considers an appeal frivolous only if there are no debatable issues of law and the appeal is "'so devoid of merit that there is no possibility of reversal.'" *Id.* (quoting *Lutz Tile, Inc. v. Krech*, 136 Wn. App. 899, 906, 151 P.3d 219 (2007)). Any doubts about whether an appeal is frivolous must be construed in favor of the appellant. *Id.*

We have sufficient doubt whether one or more of Hec's arguments meet the frivolous standard. For this reason, we deny Rebecca's request for reasonable attorney fees under RAP 18.9.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Andrus, J.[4]

---

[4] The Honorable Beth Andrus is a Court of Appeals, Division One, judge sitting in Division Three under CAR 21(a).