IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROCK HOLDINGS LLC, a Washington Limited Liability Company, | No. 83713-3-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MICHAEL D. LEVITZ, INESA LEVITZ, AND ALL OTHER OCCUPANTS, | |
| Appellants. | |

DÍAZ, J. — Michael Levitz appeals an order directing issuance of a writ of restitution, alleging that respondent had no standing below because a separate lawsuit challenging the foreclosure proceeding was unresolved and that he was entitled to a jury trial. Because this unlawful detainer action complied with Washington's statutory requirements, we affirm.

## I. FACTS

On December 3, 2021, Rock Holdings purchased residential property in Seattle at a nonjudicial foreclosure sale. Levitz, who previously owned the property and brought a separate action in November 2021, acknowledged that he failed to seek to enjoin the sale before it was conducted because of a "series of errors." On December 14, 2021, Rock Holdings recorded the trustee's deed and

Citations and pin cites are based on the Westlaw online version of the cited material.

provided Levitz with a post-foreclosure notice of sale the next day. After the sale, and despite the notice, Levitz remained on the property.

In January 2022, Rock Holdings began this unlawful detainer proceeding, seeking possession of the property and Levitz's eviction. The trial court granted Rock Holdings's motion to serve Levitz by posting and mail, which was completed on January 25. Levitz, representing himself, filed an answer claiming that Rock Holdings had "no standing to take action against" him and the issue of possession was "immaterial" because he had filed a separate lawsuit challenging the foreclosure proceedings and "thus, the ownership of the property [was] still pending."

At a show cause hearing in February 2022, Levitz again argued, in pertinent part, that Rock Holdings had "no standing to proceed" on the unlawful detainer action until his pending action against the trustee, concerning "legal ownership" of the property, was resolved. Levitz also argued that he was entitled to a jury trial on whether he had been properly served in this matter. He asked the court dismiss "or, in the alternative, that [the court issue] an order to stay the proceedings until the other case regarding ownership is disposed." The next hearing in that matter was scheduled for February 25, 2022.

After a review of the record, the trial court found that Levitz had not sought a "stay" or "some interim relief to prevent this eviction" in either this matter or his separate action against the trustee. It rejected Levitz's claim of improper service, concluding that "service has been shown to be proper on the record" and there was no basis for a jury trial. The court found Levitz guilty of unlawful detainer and

2

entered an order issuing the writ of restitution to Rock Holdings, instructing that Levitz could not be physically evicted until March 4, 2022.[1]

Levitz appeals.

## II. ANALYSIS

Representing himself on appeal, Levitz primarily contends that the trial court erred by issuing the writ of restitution to Rock Holdings because his claims against the trustee and challenges to the nonjudicial foreclosure were unresolved.[2]

### A. Unlawful Detainer Action

After a nonjudicial foreclosure sale, the purchaser is entitled to possession of the property after 20 days as against the previous owner and "shall also have a right . . . to obtain possession of real property provided in chapter 59.12 RCW." RCW 61.24.060(1); River Stone Holdings NW, LLC v. Lopez, 199 Wn. App. 87, 93, 395 P.3d 1071 (2017).  In turn, RCW 59.12.032 requires an "unlawful detainer action, commenced as a result of a trustee's sale under chapter 61.24 RCW, [to] comply with the requirements of RCW 61.24.040 and 61.24.060."  The purchaser must provide written notice of the purchase to the previous owner.  RCW 61.24.060(2).

---

[1] Respondent sua sponte advised the court it was "willing to agree to . . . not execute on the writ until after the hearing on" February 25, 2022.  The court accepted that invitation, effectively giving Levitz the relief he sought in the alternative.

[2] We hold self-represented persons to the same standards as attorneys and expect them to comply with the rules of appellate procedure.  In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).  Despite Levitz's failure to follow several of these rules in his appellate briefing, we address the merits of his appeal.

Because the purpose is to provide a speedy determination of the right to possession of real property, only limited issues may be raised in an unlawful detainer action. Fed. Nat'l Mortg. Ass'n v. Ndiaye, 188 Wn. App. 376, 382-83, 353 P.3d 644 (2015). Such actions are "limited to the question of possession and related issues" and do not provide a forum for litigating claims to title or challenges to the foreclosure action. Id. at 382. "In unlawful detainer proceedings, the trial court has statutorily limited jurisdiction" and is not authorized to resolve issues outside the scope of chapter 59.12 RCW. Barr v. Young, 187 Wn. App. 105, 109, 347 P.3d 947 (2015).

We review findings of fact in unlawful detainer actions for substantial evidence and review conclusions of law in those proceedings de novo. Pham v. Corbett, 187 Wn. App. 816, 825, 351 P.3d 214 (2015). Unchallenged findings of fact are verities on appeal. Id.

Levitz challenges none of the trial court's findings, which establish that Rock Holdings satisfied all of the requirements to prevail here. Namely, on December 3, 2021, Rock Holdings purchased the property at a nonjudicial foreclosure sale and recorded the trustee's deed roughly 10 days later. On December 15, 2021, it provided Levitz the post-foreclosure notice of sale required by RCW 61.24.060(2). Levitz's right to occupy the property expired on December 23, 2021. In January 2022, Rock Holdings filed this unlawful detainer action and properly served Levitz.[3]

---

[3] The record shows that Levitz was served by mail and by posting, see RCW 59.12.085(2), so the trial court did not err in concluding that there was no basis for a jury trial on this issue. Levitz also appears to confuse the "summary proceedings" in an unlawful detainer action with the "summary judgment" standard in CR 56; either way, he did not have a right to a jury trial at the initial stages of these

Given the narrow issues that may be raised in an unlawful detainer action, it was immaterial that Levitz's lawsuit against the trustee and challenge to the foreclosure sale was still unresolved. Unlawful detainer actions simply are not the arena to litigate foreclosure or questions of title. Further, as the trial court established, Levitz neither obtained an injunction (or any other kind of restraint) to enjoin his eviction in either matter, nor did he identify any deficiencies in the unlawful detainer action. Accordingly, the trial court did not err by issuing a writ of restitution here.

B. Attorney Fees

Rock Holdings requests an award of attorney fees under RAP 18.9(a), contending that Levitz's appeal was frivolous. An appeal is frivolous if it "presents no debatable issues and is so devoid of merit that there is no reasonable possibility of reversal." Streater v. White, 26 Wn. App. 430, 434, 613 P.2d 187 (1980). "All doubts as to whether the appeal is frivolous should be resolved in favor of the appellant" and "[a]n appeal that is affirmed simply because the arguments are rejected is not frivolous." In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013) (citing Tiffany Family Trust Corp. v. City of Kent, 155 Wn.2d 255, 241, 119 P.3d 325 (2005)).

Though we reject Levitz's arguments, we do not view his appeal as so devoid of debatable issues as to be frivolous. In particular, the parties and the court entertained the theoretical possibility that Levitz could have obtained some

---

proceedings. Carlstrom v. Hanline, 98 Wn. App. 780, 788, 990 P.2d 986 (2000) ("Washington does not provide for a jury trial in unlawful detainer show cause proceedings.").

relief at that hearing on February 25, 2022, which might have affected his eviction in the instant matter and theoretically (if not legally) rendered the writ premature. Resolving all doubts in his favor, that fact provides the slimmest of reasonable grounds for appeal. The request for fees is denied.

### III. CONCLUSION

Because this unlawful detainer action complied with Washington's statutory requirements, we affirm.

Díaz, J.

WE CONCUR:

Birk, J.                    Dwyer, J.