## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| VICKI WEATHERS, | | No. 52593-3-II |
| Respondent, | | |
| v. | | |
| LARRY YARBROUGH, | | |
| Defendant, | | |
| WILLIAM GHIORSO, | | UNPUBLISHED OPINION |
| Appellant. | | |

LEE, C.J. — William Ghiorso appeals the superior court's order imposing sanctions against him for contempt and discovery violations committed while he was representing Larry Yarbrough against Vicki Weathers' unlawful detainer action. Ghiorso argues that the superior court lacked subject matter jurisdiction over the unlawful detainer action and that the imposed sanctions were improper punitive sanctions that were entered without due process or discovery sanctions that were an abuse of discretion. We hold that the superior court had subject matter jurisdiction to enter the order imposing sanctions. And although the superior court erred by imposing a punitive contempt sanction under chapter 7.21 RCW, the superior court did not abuse its discretion by imposing sanctions for discovery violations. Accordingly, we affirm the superior court's order imposing sanctions.

FACTS

A.    UNLAWFUL DETAINER ACTION

On September 1, 2017, Weathers filed an unlawful detainer action against Yarbrough. Yarbrough was represented by Erin McAleer. On November 27, Ghiorso, an attorney licensed to practice law in Oregon, obtained *pro hac vice* admission in Washington to represent Yarbrough in the superior court with McAleer as Ghiorso's sponsoring attorney.

Yarbrough answered the unlawful detainer complaint alleging that he was an equitable owner of the property and entitled to lawful possession of the property. Yarbrough also filed a separate complaint for damages alleging that he had an equitable interest in the property and seeking declaratory judgment, as well as several civil claims for damages. The superior court consolidated Weathers' unlawful detainer action with Yarbrough's complaint.

Yarbrough then filed a motion to dismiss Weathers' unlawful detainer complaint. In response, Weathers moved to vacate the order consolidating the cases. The superior court denied the motion to dismiss and granted Weathers' motion to vacate the order consolidating cases.

On April 30, 2018, the superior court held an unlawful detainer show cause hearing. Ultimately, the superior court entered judgment in favor of Weathers in the unlawful detainer action.

B.    DISCOVERY VIOLATIONS

The discovery dispute that gives rise to this appeal began on January 25, 2018, when Weathers filed a motion to compel in the superior court proceedings. Weathers moved to compel responses to her first and second requests for production sent to Yarbrough. The requests for production included requests for copies of Yarbrough's bank records, cancelled checks, and

account statements. On February 2, the superior court granted Weathers' motion to compel and ordered Yarbrough to provide responsive documents within seven days.

On February 13, Weathers filed a motion for contempt because the responsive documents had still not been produced. On February 16, the superior court granted the motion for contempt. The superior court ruled that Yarbrough had failed to comply with the court's order compelling production and found Yarbrough in contempt. The superior court ordered Yarbrough to pay $500 per day for each day that the contempt continued past February 9. The superior court also awarded Weathers her attorney fees.[1]

On March 20, Yarbrough still had not produced any cancelled checks, so Weathers filed a motion for sanctions based on Yarbrough's continued failure to provide copies of the cancelled checks. Weathers and Yarbrough settled this motion without a hearing. Weathers agreed to dismiss the motion for sanctions in exchange for Yarbrough paying $12,000 in sanctions for the period of February 9 through February 28.

On May 23, Weathers filed a motion for sanctions because Yarbrough still had not complied with the court's order compelling production of cancelled checks. On May 24, Weathers filed an amended motion for sanctions. In her amended motion, Weathers asserted that Yarbrough produced some bank records on February 28, but he had failed to produce the cancelled checks as ordered by the court. The records that were produced showed that on January 24, the bank charged Yarbrough for research on all checks drawn on his account between 2014 and 2017, and on February 9, the bank charged Yarbrough for the production of check images.

---

[1] This contempt order is not at issue in this appeal.

Weathers also asserted that on April 4, Weathers again requested from Ghiorso the production of cancelled checks. Ghiorso stated that Yarbrough's bank does not produce copies of cancelled checks. On April 5, Weathers sent a subpoena to Yarbrough's bank seeking copies of Yarbrough's cancelled checks. Yarbrough's bank responded to the subpoena on April 27, providing hundreds of cancelled checks. Weathers further asserted that, at the April 30 unlawful detainer show cause hearing, Yarbrough testified that he had previously obtained the cancelled checks and provided them to Ghiorso.

Weathers sought sanctions for contempt of court under RCW 7.21.010 and 7.21.030(2)(b). Alternatively, Weathers requested sanctions for discovery violations under CR 37(b)(2). Specifically, Weathers requested sanctions in the amount of $2,000 per day from February 28 through April 27 based on the statutory amount authorized by RCW 7.21.030(2)(b). Weathers also requested $3,500 for attorney fees and costs.

Ghiorso responded to Weathers' motion for sanctions, arguing that Yarbrough's April 30 testimony at the unlawful detainer show cause hearing referred to checks from a different bank and were not the checks that were requested. And Ghiorso asserted that Weathers' subpoena was part of the agreement to resolve the motion for sanctions that had been filed on March 20. According to Ghiorso, Weathers agreed to subpoena the records herself and strike the March 20 motion for sanctions in exchange for Yarbrough paying Weathers $12,000.

On September 26, the superior court ruled on Weathers' amended motion for sanctions. The superior court found facts consistent with Weathers' assertions in her amended motion for sanctions. The superior court concluded that the failure to provide the cancelled checks from

4

February 28 through April 4 was contempt of court for the purposes of chapter 7.21 RCW and a discovery violation under CR 37(b)(2).

The superior court imposed "a sanction of $5,800 ($100 per day x 58 days) for the defendant's failure to provide copies of the defendant's cancelled checks" and "$3500 in attorney's fees and costs on the defendant for the plaintiff's having to repeatedly request the records in question, repeatedly confer with defense counsel and their staff concerning their failure to produce the documents, independently obtaining the records, and bringing this motion." Clerk's Papers at 571-72. The superior court allocated the responsibility for the sanctions as follows: 75 percent to Yarbrough and Ghiorso, and 25 percent to Ghiorso's sponsoring attorney, McAleer. Accordingly, $6,975 was apportioned to Yarbrough and Ghiorso, and $2,325 to McAleer.

Ghiorso appeals the superior court's Ruling and Order on Plaintiff's Amended Motion for Sanctions.

## ANALYSIS

Ghiorso appeals the superior court's order imposing sanctions against him for failing to comply with the court's order to compel. Ghiorso argues that the superior court lacked subject matter jurisdiction to enter the order. Ghiorso also argues that the superior court improperly imposed punitive sanctions without complying with the statutory requirements for criminal contempt and, alternatively, abused its discretion by imposing sanctions for discovery violations under CR 37(b)(2). We disagree.

A. STANDING

As an initial matter, Weathers argues that Ghiorso lacks standing to litigate claims on behalf of Yarbrough. Although we agree that Ghiorso lacks standing to litigate claims on behalf

of Yarbrough, to the extent Ghiorso's appeal relates to the order imposing sanctions against him personally, Ghiorso has standing.

"Standing refers to a party's right to make a legal claim or seek judicial enforcement of a right." *Forbes v. Pierce County*, 5 Wn. App. 2d 423, 433, 427 P.3d 675 (2018). "A litigant cannot assert the legal rights of another person and must have a real interest before bringing a cause of action." *Id.*

Here, Ghiroso filed a notice of appeal designating the superior court's order imposing sanctions against him personally. Therefore, to the extent he is challenging that order, Ghiorso is not asserting the rights of another person. He is asserting his own rights and has a real interest in the appeal. Therefore, Ghiorso has standing to challenge the order at issue on this appeal. To the extent Ghiorso's arguments do not relate to the order imposing sanctions against him, they are improper and we do not consider them.

B.    SUBJECT MATTER JURISDICTION

Ghiorso argues that the superior court lacked subject matter jurisdiction over Weathers' unlawful detainer action[2] and, therefore, the superior court lacked subject matter jurisdiction to

---

[2] Unlawful detainer actions are a statutory alternative to the common law action of ejectment. *River Stone Holdings NW, LLC v. Lopez*, 199 Wn. App. 87, 92, 395 P.3d 1071 (2017). Chapter 59.12 RCW governs unlawful detainer actions and allows for a summary proceeding that provides an expedited means for landlords and tenants to resolve competing claims to possession of leased property. *Angelo Prop. Co. v. Hafiz*, 167 Wn. App. 789, 808, 274 P.3d 1075, *review denied*, 175 Wn.2d 1012 (2012). Unlawful detainer actions are "limited to resolving questions related to possession of property and related issues like restitution of the premises and rent." *River Stone Holdings*, 199 Wn. App. at 92. As part of an unlawful detainer action, a landlord may seek a writ of restitution restoring the property to his or her possession. RCW 59.12.090.

enter the order imposing sanctions against him. However, Ghiorso's argument about subject matter jurisdiction is misplaced.

The Washington Constitution generally provides superior courts with subject matter jurisdiction in cases involving title or possession of real property. WASH. CONST. art. IV §6. Because of the superior court's constitutional jurisdiction, "it is incorrect to say that the court 'acquires' subject matter jurisdiction" only when a lawsuit satisfies the requirements of the unlawful detainer statute. *Hous. Auth. of the City of Seattle v. Bin*, 163 Wn. App. 367, 376, 260 P.3d 900 (2011). When the statutory requirements for an action are not met, the superior court is not deprived of subject matter jurisdiction, rather, the party "may not maintain such action or *avail itself* of the superior court's jurisdiction" *Tacoma Rescue Mission v. Stewart*, 155 Wn. App. 250, 254 n.9, 228 P.3d 1289 (2010) (emphasis added).

Here, Ghiorso appeals an order granting sanctions based on contempt and violations of the discovery rules. The superior court's authority to enter these orders does not come from the unlawful detainer statute.

Contempt is governed by a separate statutory scheme, chapter 7.21 RCW. RCW 7.21.020 grants a superior court judge the authority to impose sanctions for contempt of court. Contempt of court includes disobedience of a court order and refusal to produce records or documents without lawful authority. RCW 7.21.010(1)(b), (d). Similarly, the civil rules governing discovery apply universally to civil cases in the superior court, including unlawful detainer actions. *See* RCW 59.12.180.

Here, the superior court had general subject matter jurisdiction over the dispute and the superior court judge's authority to sanction Ghiorso is separate from the statutory authority over

an unlawful detainer action. Therefore, Ghiorso's argument that the superior court lacked subject matter jurisdiction to enter an order imposing sanctions against him fails.

C.    PUNITIVE SANCTION

Ghiorso argues that the superior court improperly imposed a punitive sanction without complying with the statutory requirements for criminal contempt. Because the sanction was imposed based on Ghiorso's past conduct and was not coercive or remedial in nature, the superior court abused its discretion by imposing a punitive contempt sanction under chapter 7.21 RCW.

Chapter 7.21 RCW governs contempt of court. Contempt of court includes intentional disobedience of a lawful court order. RCW 7.21.010(1)(b). Civil contempt, authorized by RCW 7.21.030, involves imposing remedial sanctions. *In re Det. of Young*, 163 Wn.2d 684, 693 n.2, 185 P.3d 1180 (2008). A "remedial sanction" is one which is "imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform." RCW 7.21.010(3). RCW 7.21.030(2) provides, in relevant part,

> If the court finds that the person has failed or refused to perform an act that is yet within the person's power to perform, the court may find the person in contempt of court and impose one or more of the following remedial sanctions:
>
> (a) Imprisonment if the contempt of court is of a type defined in RCW 7.21.010(1)(b) through (d). The imprisonment may extend only so long as it serves a coercive purpose.
>
> (b) A forfeiture not to exceed two thousand dollars for each day the contempt of court continues.
>
> (c) An order designed to ensure compliance with a prior order of the court.

In contrast, criminal contempt, authorized by RCW 7.21.040, involves imposing punitive sanctions. *Smith v. Whatcom County Dist. Court*, 147 Wn.2d 98, 105, 52 P.3d 485 (2002). A

8

"punitive sanction" is a sanction which is "imposed to punish a past contempt of court for the purpose of upholding the authority of the court." RCW 7.21.010(2). Imposing punitive sanctions is initiated by a prosecutor filing a complaint or information and requires other procedural protections. RCW 7.21.040(2).

We review the superior court's contempt findings for an abuse of discretion. *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 694, 959 P.2d 687 (1998), *review denied*, 137 Wn.2d 1017 (1999). However, whether the superior court exceeded its authority is a question of law, which we review de novo. *In re Rapid Settlements, Ltd's*, 189 Wn. App. 584, 614, 359 P.3d 823 (2015).

To determine whether a contempt sanction is punitive or remedial, we examine the substance of the proceedings and the type of relief afforded by the sanction. *Rhinevault*, 91 Wn. App. at 694-95.

> A punitive sanction is imposed for a past contempt, while remedial sanctions coerce performance where the contempt involves a person omitting or refusing to perform an act yet in their power to perform. *See* RCW 7.21.010(2), (3). Thus, a sanction is punitive if there is a determinate sentence and no opportunity to "purge" the contempt. *See King v. Dep't of Social & Health Servs.*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988). But it is remedial where it is indeterminate and the contemnor is released upon complying with the court's order. *Id.* (citing *State v. Browet, Inc.*, 103 Wn.2d 215, 218, 691 P.2d 571 (1984)). A punitive sanction generally is imposed to vindicate the court's authority, while a remedial sanction typically benefits another party. *Id.* at 800, 756 P.2d 1303.

*Rhinevault*, 91 Wn. App. at 694. The superior court may also impose a remedial sanction with no coercive effect if the sanction's purpose is to compensate the opposing party for losses incurred as a result of the contempt. *Rapid Settlements*, 189 Wn. App. at 608-09. If the sanction is for compensation, it must be based on evidence of actual losses. *Id*. at 609.

Here, the superior court's sanctions clearly were meant to address past conduct because they were based on the failure to produce the cancelled checks that the court previously ordered be produced. In its order, the superior court clearly imposed two distinct sanctions: the $5,800 sanction and the $3,500 for attorney fees. But there is no evidence in the record that Weathers incurred any losses besides those related to her attorney fees because Weathers had already obtained copies of the cancelled checks. Therefore, while the attorney fees award is a remedial sanction that provides compensation to Weathers, the $5,800 sanction was unrelated to any losses incurred as a result of the contempt of court. Accordingly, while the attorney fee award was an appropriate remedial sanction under RCW 7.21.030, the $5,800 sanction was an improper punitive sanction that was imposed without complying with the requirements of RCW 7.21.040. However, for the reasons explained below, the trial court did not abuse its discretion in imposing the $5,800 sanction as a discovery sanction.

D.    DISCOVERY SANCTION

Ghiorso also argues that the superior court improperly imposed the sanctions for discovery violations under CR 37. Because the superior court did not abuse its discretion in imposing a sanction for discovery violations under CR 37, we disagree.

The superior court has broad discretion in imposing discovery sanctions under CR 37. *Mayer v. Sto Industries, Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). We will not disturb the superior court's determination absent a clear abuse of discretion. *Id*. "An abuse of discretion occurs when a decision is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (quoting *Associated Mortgage Investors v. G.P. Kent Constr. Co.*, 15 Wn. App. 223, 229, 548 P.2d 558, *review denied*, 87 Wn.2d 1006 (1976)).

10

A discretionary decision rests on "untenable grounds" or is based on 'untenable reasons' if the trial court relies on unsupported facts or applies the wrong legal standard; the court's decision is "manifestly unreasonable" if "the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take."

*Id.* (internal quotations omitted) (quoting *State v. Rorich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003).

Under CR 37(b)(2), "if a party fails to obey an order entered under rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just." A nonexclusive list of such sanctions include ordering that certain facts are deemed established, that particular claims or defenses cannot be asserted, or that default judgment be entered. *See* CR 37(b)(2)(A)-(E). CR 37(b)(2) also provides that

[i]n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or her or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 494, 933 P.2d 1036 (1997), our Supreme Court stated,

When the trial court "chooses one of the harsher remedies allowable under CR 37(b), . . . it must be apparent from the record that the trial court explicitly considered whether a lesser sanction would probably have sufficed," and whether it found that the disobedient party's refusal to obey a discovery order was willful or deliberate and substantially prejudiced the opponent's ability to prepare for trial.

This rule applies only to the harsher remedies of default, dismissal, or exclusion of evidence available under CR 37(b)(2)(A)-(E). *Mayer*, 156 Wn.2d at 688. It does not apply to every instance where a superior court imposes sanctions for discovery abuses. *Id*. And it does not apply to the imposition of monetary sanctions. *Id.* at 688-89.

11

"The purposes of sanctions orders are to deter, to punish, to compensate and to educate." *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 356, 858 P.2d 1054 (1993). The superior court is given wide latitude to determine appropriate sanctions for discovery violations. *Id.* at 355. Sanctions should be the least severe sanctions that is adequate, but they should not be so minimal that they undermine the purpose of discovery. *Id.* at 356. "Where compensation to litigants is appropriate, then sanctions should include a compensation award." *Id.* And, where appropriate, sanctions should be severe enough to deter attorneys from engaging in future discovery violations. *Id.*

Here, the trial court imposed a sanction for discovery violations because after receiving the requests for productions, receiving the cancelled checks from Yarbrough, and being ordered to provide the cancelled checks to Weathers, Ghiorso failed to do so. As a result, Weathers was required to file motions to compel production of those documents and motions for sanctions, and ultimately had to subpoena the records herself, despite the records being in Ghiorso's or Yarbrough's possession since early February. Given the circumstances, the superior court did not abuse its discretion when it ordered attorney fees to compensate Weathers for the discovery violations. And while the superior court improperly imposed the $5,800 sanction under chapter 7.21 RCW, the superior court was within its discretion to impose that amount under CR 37(b)(2). Therefore, the trial court did not err in imposing sanctions against Ghiorso. Accordingly, we affirm the superior court's order imposing sanctions.

E.     ATTORNEY FEES ON APPEAL

Weathers requests attorney fees on appeal under RCW 7.21.030(3), RAP 18.1, or RAP 18.9.

RAP 18.1(a) allows us to grant reasonable attorney fees or expenses "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." "Reasonable attorney fees are recoverable on appeal if allowed by statute, rule, or contract." *In re Guardianship of Wells*, 150 Wn. App. 491, 503, 208 P.3d 1126 (2009).

RCW 7.21.030(3) states, "The court may . . . order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." Because we have determined that the $5,800 sanction under RCW 7.21.030 for contempt was improper, we exercise our discretion and deny Weathers' request for attorney fees under RCW 7.21.030(3).

RAP 18.9(a) allows for compensatory damages to the harmed party if the offending party's appeal was frivolous. "An appeal is frivolous if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal exists." *Chapman v. Perera*, 41 Wn. App. 444, 455-56, 704 P.2d 1224, *review denied*, 104 Wn.2d 1020 (1985). Although, we ultimately affirm the superior court, this appear was not so devoid of merit to be considered frivolous. Therefore, we deny Weathers' request for attorney fees under RAP 18.9.

Accordingly, we affirm the superior court's order imposing sanctions and deny Weathers' request for attorney fees.

No. 52593-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Melnick, J.

_____
Glasgow, J.